Major Angelo M. DILIBERTI,
Plaintiff-Appellee,

v.

Harold BROWN, Secretary of Defense,
etc., et al., Defendants-Appellants.

No. 77–1412.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 23, 1978.

Rehearing Denied Aug. 31, 1978.

Sept. 14, 1978.*

John F. Cordes, Appellate Section, Civ. Div., Dept. of Justice, Washington, D.C., for defendants-appellants.

George C. Pontikes, Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and SPRECHER and TONE, Circuit Judges.

TONE, Circuit Judge.

This is an appeal from a preliminary injunction enjoining the Secretary of Defense, et al., from discharging plaintiff from the Army Reserve or ordering him

---

* This appeal was originally decided by unreported order on July 18, 1978. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

retired until the administrative appeal of his discharge is completed. We hold that, since plaintiff can obtain adequate relief through the administrative process, the judicial relief granted was premature.

Two days before he was scheduled to be discharged, plaintiff filed a complaint in the District Court pursuant to 28 U.S.C. §§ 2201 and 2202 seeking a declaratory judgment that he was deprived of due process in connection with the denial of promotion in November 1975 and October 1976, and an order "in the nature of a mandamus" directing defendants to reconsider him for promotion after removing certain Officer Evaluation Reports (OER's) allegedly placed in his 201 file in violation of Army regulations. Plaintiff averred that the Army's failure to remove these adverse reports violated his due process rights in that (1) he did not receive notice of an opportunity to refute the reports before being denied promotion in November 1975, (2) even after receiving notice of them before being considered for promotion in October 1976, he was unable to adequately rebut them because of the lapse of time, and (3) he was refused promotion when less qualified officers were promoted. He asked for interlocutory injunctive relief enjoining defendants from either transferring him to the Army Retired Reserve or discharging him from the active reserves until the merits of his case have been adjudicated.

On January 20, 1977, the date on which plaintiff was to be discharged, the District Court entered a temporary restraining order enjoining the defendants from either discharging plaintiff or ordering him into the Retired Reserve. On January 31, after a hearing, the court found that plaintiff had been denied due process and that his discharge would constitute irreparable injury, and entered a preliminary injunction continuing the previously imposed restraints pending exhaustion of an appeal to the Army Board for the Correction of Military Records (ABCMR).

In *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), the court held that a government employee seeking to restrain his discharge does not, in the absence of extraordinary circumstances, show "irreparable injury" sufficient to justify the issuance of a preliminary injunction if he may obtain complete retroactive relief in an administrative proceeding or a subsequent judicial review of the administrative proceeding. That case is controlling here.

Also applicable is *Champagne v. Schlesinger*, 506 F.2d 979, 983 (7th Cir. 1974), in which we said that "ordinarily 'a plaintiff challenging a military discharge will find the doors of the federal courts closed pending exhaustion of available administrative remedies'" (quoting from *Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974)). In *Champagne* we vacated a decision by the district court on the merits of a claim that the plaintiffs were unconstitutionally discharged from the Navy and ordered the District Court to dismiss the complaint without prejudice on the ground that plaintiffs had failed to exhaust their right to review before the Board for the Correction of Naval Records.[1] Plaintiffs could obtain adequate relief through the administrative appeal and exhaustion would further "the well-established and sound policy in the federal courts which seeks to avoid premature decisions of constitutional questions such as those raised in plaintiffs' complaint." *Id.* at 984.

Similarly here, plaintiff may obtain adequate relief through an appeal to a board for the correction of military records and should therefore be required to exhaust that administrative remedy before seeking judicial relief. The ABCMR has the power to review and to recommend relief for pass-over discharges that allegedly result from erroneously including adverse OER's in an officer's file. *Horn v. Schlesinger*, 514 F.2d 549, 552 (8th Cir. 1975).[2] The Board may

---

1. A discharge from government employment is not itself irreparable injury, *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), and, therefore, *Champagne* is not distin-

guishable on the ground that it involved a post-discharge appeal for judicial relief.

2. The ABCMR was established pursuant to 10 U.S.C. § 1552(a), which provides that "[t]he

recommend to the Secretary of the Army that plaintiff be reconsidered for promotion on the basis of a file from which the challenged reports have been expunged because they were placed in the file in violation of Army regulations and it would therefore be unjust to consider plaintiff for promotion on the basis of such a record. Both the ABCMR and the Secretary are subject to judicial review for an abuse of discretion in carrying out their functions. *Hodges v. Callaway, supra,* 499 F.2d at 423.[3]

Plaintiff argues that exhaustion is not required "where there is a clear violation of a constitutional right." As *Champagne v. Schlesinger* illustrates, a constitutional claim does not in itself warrant an exception to the exhaustion doctrine. *Cf.* also *Christian v. New York Dep't of Labor,* 414 U.S. 614, 621, 94 S.Ct. 747, 39 L.Ed.2d 38 (1974); *Squillacote v. International Brotherhood of Teamsters,* 561 F.2d 31, 37–40 (7th Cir. 1977). Assuming that the exhaustion requirement would be relaxed in the case of a "clear" constitutional violation, plaintiff's constitutional claim is less than clear. Plaintiff cites no authority for the proposition that the consideration of an evaluation report placed in the file of an officer being considered for promotion without notice to him or denial of an oppor-

tunity to rebut such a report infringes upon the officer's due process rights. It is doubtful that the Army's failure to promote him deprived him of a "property" or "liberty" interest that would afford him procedural due process protections under the Fifth Amendment. *See Knehans v. Alexander,* 184 U.S.App.D.C. 420, 422, 566 F.2d 312, 314 (1977), with which compare *id.,* 184 U.S. App.D.C. at 427–428, 566 F.2d at 319–320 (Robinson, J., dissenting); *cf. Ampleman v. Schlesinger,* 534 F.2d 825 (8th Cir. 1976); *Sims v. Fox,* 505 F.2d 857 (5th Cir.), (in banc), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975).

Therefore, the District Court erred in not staying its hand completely and should have dismissed the complaint. *Champagne v. Schlesinger, supra; Hodges v. Callaway, supra,* 499 F.2d at 421.

Vacated and remanded with instructions to dismiss the complaint without prejudice.

---

Secretary of a military department . . . acting through boards of civilians . . . may correct any military record . . . when he considers it necessary to correct an error or to remove an injustice." The purpose of the ABCMR, therefore, is to consider all applications before it to determine the existence of an "error" or "injustice" in military records and to make recommendations for corrections, if warranted, to the Secretary of the Army. *See* 32 C.F.R. §§ 581.3(a) and (b). Upon receiving the recommendations of the board, the Secretary of the Army "will direct such action as he deems appropriate." 32 C.F.R § 81.3(f)(2). The affidavit of Raymond Williams, the Executive Secretary of the ABCMR, attests to the scope of the relief available from an appeal to the ABCMR.

In my official capacity I have observed the ABCMR take action, upon petition by other Reserve Officers, which resulted in granting of a retroactive promotion, reinstatement in the Reserve program, payment of back pay and the readjustment of retired pay. The ABCMR has the power, in a given case, to

promote an officer who has been passed over twice by a Promotion Board. The ABCMR has the power, in a given case, to correct records to show:

(a) that sufficient excess points earned by a reserve officer in earlier years are redistributed to make the period in which he was inactive a qualifying period for retirement purposes; or

(b) that the period in which he was inactive or in a non-military status was a qualifying period of active reserve service for retirement purposes.

3. The Defense Department's regulations require that where the Secretary denies the relief recommended by the Board, his decision shall include a brief statement of the grounds for denial. 32 C.F.R. § 581.3(f)(2).

The brief statement of the grounds for denial shall include the reasons for the determination that relief should not be granted, including applicant's claims of constitutional, statutory and/or regulatory violations . . . . 32 C.F.R. § 581.3(c)(5)(v).