**Vassyl A. LONCHYNA, Plaintiff,**

v.

**Harold BROWN, Secretary of Defense; Dr. Hans M. Mark, Secretary of the Air Force; Commander, Headquarters of the Air Reserve Personnel Center, Denver, Colorado, Defendants.**

No. 80 C 3042.

United States District Court,
N. D. Illinois, E. D.

July 3, 1980.

Francis P. Smith, Shaheen, Lundberg & Callahan, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty. by Robert Breisblatt, Asst. U. S. Atty., Chicago, Ill., for defendants.

## OPINION

BUA, District Judge.

This is a suit seeking to enjoin the defendants and their agents from enforcing an "enlistment contract" entered into between plaintiff and the Air Force in 1969. The plaintiff also seeks to enjoin the defendants from enforcing an "extended active duty order" issued pursuant to the enlistment contract. The injunction is sought pending administrative review of plaintiff's challenge to the validity of his contract with the Air Force. The case comes before the court on plaintiff's motion for a preliminary injunction pursuant to Rule 65, Fed.R. Civ.P., and defendants' motion to dismiss for failure to exhaust administrative remedies. A hearing was held on July 1, 1980 at which the plaintiff testified. This opinion will serve as the court's findings of fact and conclusions of law.

The issues dispositive of the motions are clear. In attempting to demonstrate a probability of success on the merits of his claim that his enlistment contract is unenforceable, voidable, and/or rescindable, the plaintiff has presented three arguments.

First, plaintiff claims that because he was nineteen years old when he executed his enlistment contract, the contract is voidable at his option because he lacked the capacity to contract in 1969. The evidence clearly shows that although he was nineteen years of age at the time of contracting, he later accepted a commission in the Air Force as a second lieutenant. He was 21 years of age at the time of accepting his commission. He later accepted promotion to first lieutenant. It is elementary that while a minor may avoid his contracts, he must do so within a reasonable time after reaching his majority. Such a contract is voidable and not void, therefore, it may be ratified by the minor after he reaches his majority. The evidence clearly establishes that plaintiff did indeed ratify the contract by accepting his commission and his promotion pursuant thereto. Moreover, the plaintiff at all times until March 20, 1980, treated his enlistment contract as valid and enforceable. In fact, plaintiff thrice applied to the Air Force for "educational delays" deferring the start of his active duty commitment. He received permission to delay his active duty starting date on two occasions pursuant to these requests. The second deferral notice was received by plaintiff in 1975, and notified him that he would be called for active duty at the end of his residency in general surgery, on or about July 1, 1980. We think this evidence establishes plaintiff's ratification of his enlistment contract.[1]

The plaintiff received his "extended active duty order" on June 9, 1980. It required him to report for duty by July 5,

---

1. Although we agree with defendant, that federal law controls the issue of plaintiff's capacity to contract, and that, with parental consent, plaintiff did enter into a valid and enforceable contract, we have addressed each issue in the light most favorable to the plaintiff. 10 U.S.C. § 2104.

1980 pursuant to his enlistment contract. This order is the focal point of plaintiff's second contention, and it was his anticipation of receipt of this order that led to his request for review of his claims that his enlistment contract was unenforceable on May 20, 1980. The plaintiff had been notified when, his third request for an educational delay of active duty was denied in 1975, that his active duty commitment would begin on or about July 1, 1980.

■ The plaintiff's thirteenth amendment claim that enforcement of an order requiring him to report for active duty would constitute involuntary servitude, is not well taken. While it is true that enlistment in the armed forces pursuant to a contract differs from involuntary induction into the armed forces, we think that no distinction exists for purposes of applying the thirteenth amendment to the facts of this case. The plaintiff has cited no authority substantiating his claim that he may not be subject to sanctions for disobeying this order issued pursuant to his enlistment contract. Moreover, we think that the many cases rejecting the thirteenth amendment claims of inductees require the court to reject this argument. *United States v. Fallon*, 407 F.2d 621, 623 (7th Cir. 1969); *United States v. Holmes*, 387 F.2d 781, 784 (7th Cir. 1968); *see Hall v. United States*, 437 F.2d 1063 (7th Cir. 1971).

■ Finally, the plaintiff contends that his contract is rescindable because he was induced to enter into it by the fraudulent misrepresentations of the Air Force and its agents. In this regard we accept plaintiff's testimony that one of the major motivating factors that led to his execution of the enlistment contract, was the existence of an Air Force program known as the Senior Medical Student Program. This program allows a senior in medical school to be placed on extended active duty with full pay and allowances the first day of his matriculation as a senior. It is uncontradicted that the Air Force never guaranteed or promised in any way that plaintiff would be accepted in the Senior Medical Student Program. Moreover, it appears affirmatively from the testimony presented by the plaintiff that he read and understood the contract he signed in 1969. That contract contains the following clear and unambiguous language: "I have had this contract fully explained to me, I understand it, and certify that no promise of any kind has been made to me concerning assignment to duty, geographical area, schooling, special programs, assignment of government quarters, or transportation of dependents except as indicated _____." The plaintiff specifically acknowledged at the hearing that he had read and understood this language.

At the time that plaintiff entered into this contract he had not graduated from college, had not been admitted to medical school and had received informational brochures that fully explained the conditions for entry into the Senior Medical Student Program, which he had read and understood. The only oral statement made to the plaintiff which did not appear in the official literature describing the program was to the effect that if plaintiff applied for the program with an ROTC background, he would have a better chance of being accepted because the Air Force "looks favorably on its own." We do not understand how this evidence creates even the slightest inference that the Air Force made material misrepresentations of fact in order to induce the plaintiff to enter into the enlistment contract, and thus, we fail to see how plaintiff has demonstrated even a possibility of prevailing on the merits of his claim.

After having viewed the witness on the stand and reviewed the documentary evidence and having heard plaintiff's testimony, it is apparent that the plaintiff is and was at the time of entering into the challenged enlistment contract a highly intelligent, ambitious, and single minded individual, who fully understood the terms of his contract, who was not misled in any way by any oral statements of Air Force agents, and who did not rely on said statements. The plaintiff in 1969 had a long-standing desire to make a career for himself as a doctor in the Air Force, and it is simply incredible to assert that a local recruiter's

statement to plaintiff in 1975, to the effect that plaintiff should not bother to apply to the program because it was being phased out, constitutes a basis for rescinding the contract entered into in 1969. Plaintiff was on notice as early as 1964 of the proper method for applying for the program, for in that year he received an Air Force informational brochure describing the program, its eligibility requirements, and the special procedures that had to be followed in order to apply for it. Plaintiff, in fact never applied for the program.

In conclusion, there is absolutely no evidence that plaintiff was either promised admittance into the program, or that the Air Force ever made any untrue or misleading statements in order to induce plaintiff's execution of the enlistment contract. Since the plaintiff has failed to persuade this court of the likelihood of prevailing on his claim that the contract and order are unenforceable he is not entitled to a preliminary injunction pending the administrative proceedings before the Air Force Board for Correction of Military Records, 32 C.F.R. § 865.1 *et seq.* The court will, therefore, order that plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. *Diliberti v. Brown,* 583 F.2d 950, 952 (7th Cir. 1978) ("Assuming that the exhaustion requirement would be relaxed in the case of a 'clear' constitutional violation, plaintiff's claim is less than clear.")

The plaintiff's motion for preliminary injunction is denied and the defendant's motion to dismiss for failure to exhaust administrative remedies is granted. The complaint is dismissed without prejudice.

IT IS SO ORDERED.