**Donna Marie KRUGLER, Plaintiff,**

v.

**UNITED STATES ARMY and Secretary of the Army, Defendants.**

No. 83 C 8265.

United States District Court,
N.D. Illinois, E.D.

Sept. 27, 1984.

Sheldon Bart Nagleberg, Chicago, Ill., for plaintiff.

Elizabeth Stein, Asst. U.S. Atty., Chicago, Ill., Major Joyce E. Peters, Dept. of Army, Washington, D.C., for defendants.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Plaintiff Donna Marie Krugler ("Krugler") brought this action to challenge her discharge from the Army for being a homosexual. Krugler alleges procedural defects in the administrative proceedings below and also alleges that the Army's regulations, which require discharge of homosex-

---

uals, violate her constitutional rights to privacy and substantive due process. Now before the Court is the Army's motion to dismiss or, in the alternative, for summary judgment. Since we grant the motion to dismiss because Krugler has failed to exhaust her administrative remedies, we do not reach the other issues raised in the Army's motion.

### Facts and Procedural Background

The facts recited below are not in dispute. Krugler first joined the Army on July 31, 1970. She served in a series of administrative positions, performing well and advancing to the grade of Sergeant First Class. She reenlisted on three occasions, each time after receiving an honorable discharge at the end of the previous term, and she was decorated with several medals and awards during her thirteen years of service. Krugler last re-enlisted on November 17, 1981, for a three-year term.

In late Spring, 1982, while stationed in Germany, her unit commander began discharge proceedings against Krugler. Discharge for homosexuality is mandatory under Army policy.[1] The first layer of Army procedure for discharging a servicemember for homosexual acts is straightforward, as spelled out in AR 635–200, Chapter 15. Essentially, after the serviceperson's unit commander recommends a factual inquiry, a relatively formal adjudicative hearing is held,[2] presided over by a board of officers. The board determines whether the servicemember should be discharged for homosexual acts and, if so, what type of discharge should be issued. A higher officer as defined in AR 635–200, Chapter 1–25 reviews and then approves or disapproves of the board's recommendations.

The Army discharged Krugler through this process during the Summer and Fall of 1982. She was represented by legal counsel at the hearing before the board of officers, and she presented evidence. Based largely on a sworn, written statement of Krugler admitting a private off-base homosexual relationship with a subordinate, the board found that Krugler had engaged in homosexual acts as defined in Army regulations; it recommended that she be discharged because of her homosexual conduct, under Other than Honorable Conditions ("OTH"). On December 22, 1982, Major General Carl E. Vuono approved the board's ruling and ordered Krugler's discharge. She was demoted to Private and ultimately discharged on August 10, 1983. Her "Certificate of Release of Discharge from Active Duty" states that her "character of service" was "other than honorable," and that the reason for her separation was that she "engaged, attempted to engage in, or solicited another to engage in homosexual act(s)."

On November 17, 1983, Krugler filed this lawsuit without first seeking further administrative review. She could have sought relief in the second and final layer of the Army's administrative process, the Army Board for Correction of Military Records ("ABCMR"), a civilian board established under 10 U.S.C. § 1552 and 32 C.F.R.

---

**1.** The Army's position on homosexuality is clear: Homosexuality is incompatible with military service. The presence in the military environment of persons who engage in homosexual conduct or who, by their statements, demonstrate a propensity to engage in homosexual conduct, seriously impairs the accomplishment of the military mission. The presence of such members adversely affects the ability of the armed forces to maintain discipline, good order, and morale; to foster mutual trust and confidence among members; to insure the integrity of the system of rank and command; to facilitate assignment and worldwide deployment of members who frequently must live and work under close condi-
tions affording minimal privacy; to recruit and retain members of the armed forces; to maintain the public acceptability of military service; and to prevent breaches of security. AR 635–200, Chapter 15–2a. Discharge is mandatory: "A member *shall* be separated ... if ... [t]he member has engaged in, attempted to engage in, or solicited another to engage in a homosexual act," absent other factual findings not relevant here. AR 635–200, Chapter 15–4a.

**2.** The servicemember receives advance written notice, appointed legal counsel, and an opportunity to present evidence and cross-examine adverse witnesses. AR 635–200, Chapter 1–23.

§ 581.3. Congress vested the ABCMR with the power to "correct any military record ... when ... necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a). After combing the military record for "errors" or "injustices," the ABCMR makes a recommendation to the Secretary of the Army, who has discretion to adopt or reject the ABCMR's recommendation, subject to judicial review under the "arbitrary and capricious" standard. *See, e.g., Diliberti v. Brown,* 583 F.2d 950, 952 (7th Cir.1978).

In her complaint, Krugler makes several substantive allegations. She claims that the Army's regulations concerning private, consensual homosexual conduct intrude upon her constitutional right to privacy and deprive her of her right to substantive due process. In addition, Krugler alleges that her other than honorable ("OTH") discharge implicates a protected liberty interest; that the Army denied her effective assistance of counsel because it transferred her military lawyer; that the board of officers was biased; and that the board's recommendation for an OTH discharge was unwarranted, arbitrary and unsupported by the record.

The Army raises two threshold issues in its motion to dismiss, arguing that the doctrines of sovereign immunity and exhaustion of administrative remedies bar the suit. In addition, the Army argues that Krugler has failed to state a claim upon which relief can be granted, in that she has no protected right of privacy for her homosexual acts or, alternatively, the Army has a compelling interest in discharging her and other homosexuals.

*Opinion*

The substantive. issue raised in the Army's motion to dismiss—whether some types of homosexual conduct come within the constitutional right to privacy—has been unsettled for some time now. The Seventh Circuit has not yet confronted the issue, and, to our knowledge, only one District Court in this Circuit has dealth directly with the Army's treatment of homosexuals. *See ben Shalom v. Secretary of the Army,* 489 F.Supp. 964, 975-977 (E.D.Wis. 1980) (striking Army regulations which punished homosexual status, as opposed to conduct). Contrary to the Army's assertions, Krugler does raise a colorable constitutional claim, as some courts have held that private, consensual homosexual behavior falls within the scope of the right to privacy and is entitled to substantive due process protection.[3] But although Krugler raises a colorable and controversial constitutional claim, "we are mindful of the well-established and sound policy in the federal courts which seeks to avoid premature decisions of constitutional questions such as those raised in plaintiff's complaint." *Champagne v. Schlesinger,* 506 F.2d 979, 984 (7th Cir.1974). The Court grants the Army's motion to dismiss because Krugler's suit is "premature," as she has not exhausted her administrative remedies by appealing to the ABCMR.

The Seventh Circuit set forth its policy on exhaustion in military discharge cases in *Champagne.* "We agree with the Fifth Circuit that ordinarily 'a plaintiff challenging an administrative military discharge will find the doors of the federal courthouse closed pending exhaustion of avail-

---

**3.** *See Baker v. Wade,* 553 F.Supp. 1121, 1141 (N.D.Tex.1982) (also holding that state has no compelling interest in making private, consensual homosexual sodomy criminal); *New York v. Onofre,* 51 N.Y.2d 476, 434 N.Y.S.2d 947, 951–953, 415 N.E.2d 936, 940–942 (1980) (using right to privacy to strike New York Sodomy statute), *cert. denied,* 451 U.S. 987, 101 S.Ct. 2323, 68 L.Ed.2d 845 (1981); *see also Beller v. Middendorf,* 632 F.2d 788, 809 (9th Cir.1980) (listing "substantial academic comment" which argues that some homosexual conduct may fall within the right to privacy), *cert. denied,* 452

U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981) (plaintiff Beller), 454 U.S. 855, 102 S.Ct. 304, 70 L.Ed.2d 150 (1981) (plaintiff Miller); *but see Dronenburg v. Zech,* 741 F.2d 1388 (D.C.Cir. 1984) (right to privacy does not protect homosexual conduct); *Rich v. Sec'y of the Army,* 735 F.2d 1220, 1228 (10th Cir.1984) (assuming a right to privacy *arguendo,* but holding that the Army has a compelling interest in discharging homosexuals); *Beller v. Middendorf,* 632 F.2d at 810–812 (Army's interests outweigh whatever right to privacy a homosexual serviceperson might have).

able administrative remedies.'" 506 F.2d at 983, *quoting Hodges v. Callaway,* 499 F.2d 417, 420 (5th Cir.1974). The Navy had discharged the *Champagne* plaintiffs for homosexual acts committed during active duty. Like Krugler, plaintiffs in *Champagne* challenged Navy regulations without first appealing to the naval equivalent of the ABCMR. The District Court reached the merits of plaintiffs' claims and held that the Navy's regulations regarding homosexuals were constitutional. The Seventh Circuit reversed, holding that the District Court should have dismissed the case for plaintiffs' failure to exhaust their last administrative appeal. The Seventh Circuit has since followed *Champagne* in another case where a servicemember sued to prevent a discharge without first appealing to the ABCMR. *See Diliberti v. Brown,* 583 F.2d 950, 951–952 (7th Cir.1978).[4]

The Seventh Circuit's policy favoring exhaustion in military discharge cases controls this case. It is true, as Krugler argues, that a well-recognized exception to the exhaustion doctrine exists where exhaustion would be futile. *See, e.g., Champagne,* 506 F.2d at 983; *Von Hoffburg v. Alexander,* 615 F.2d at 638. We also agree with Krugler that, unlike *Champagne,* exhaustion on the one issue of the constitutionality of the regulation regarding homosexuality would be futile.[5] However, Krugler's complaint raises several other issues which the ABCMR could decide and for

which exhaustion would not be futile. For instance, she alleges in the alternative that even if discharge is proper, the Army's decision not to award her an *honorable* discharge was arbitrary and contrary to the Army's regulation in AR 635–200, Chapter 15–5. If so, the ABCMR should have first crack at resolving any ambiguity in the Army's regulations or correcting any arbitrary result below. *See ·Champagne,* 506 F.2d at 984. Our reading of the regulation reveals that the decision determining the type of discharge is discretionary,[6] and the ABCMR could well decide to award Krugler an honorable discharge, especially in light of her thirteen years of meritorious and unblemished service. Assuming, arguendo, we were to reach the constitutional issue and resolve it against Krugler, we would have to address the nature of her discharge without the benefit of the ABCMR's expertise in such matters and its ability to correct errors. This situation exemplifies precisely the rationale for the exhaustion principle.

Krugler raises other claims which the ABCMR could properly address. She alleges that her hearing before the board of officers deprived her of procedural due process because the panel was prejudiced against her. *See* Complaint, ¶ 15. She also alleges that the Army denied her due process when it transferred her military legal counsel. The ABCMR could decide to give her a new hearing or, again, change her

---

**4.** *See also Von Hoffburg v. Alexander,* 615 F.2d 633, 640 (5th Cir.1980) (following *Champagne* in holding that homosexual servicemember should have exhausted her appeal to the ABCMR before attacking Army regulations in court). The Ninth Circuit has been more willing to entertain military discharge suits without requiring full exhaustion. *See, e.g., Beller v. Middendorf,* 632 F.2d at 801. Although *Beller* is not controlling in this circuit, our discussion below of the "futility exception" nevertheless renders the instant case consistent with *Beller.*

**5.** In *Champagne,* the parties disagreed as to whether the Navy mandated discharge of homosexuals. The Court reasoned that exhaustion would not be futile there because on remand the Navy could interpret its own regulations in a way which could have satisfied the plaintiff. 506 F.2d at 984. In the present case, the Army

concedes in its brief that discharge of homosexuals is mandatory and, it believes, highly desirable. Thus, exhaustion on the constitutionality of those regulations would be futile, since the ABCMR would have no choice but to follow the Army's regulations, and it is incompetent to rule on their constitutionality. *See, e.g., Beller,* 632 F.2d at 801; *cf. Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975) (futility exception to exhaustion in Social Security cases).

**6.** "A discharge under other than honorable conditions *may* be· issued ... if there is a finding that ... the member ... committed a homosexual act ... [w]ith a subordinate in circumstances that violate customary military superior-subordinate relationships." AR 635–200, Chapter 15–5a(3) (emphasis added).

discharge to an honorable one. In sum, Krugler raises several issues undecided by the ABCMR.

Accordingly, the Army's motion to dismiss is granted without prejudice. If Krugler appeals to the ABCMR, the Army should process and hear her claim in an expedited manner. *See Von Hoffburg,* 615 F.2d at 638 n. 10 (plaintiff's appeal to the ABCMR was pending for two years without even being granted a hearing). The Army's motion to dismiss is granted without prejudice to Krugler to raise these issues again in federal court should the decision of the ABCMR be adverse to her.[7] It is so ordered.

---

7. By this ruling, we express no opinion as to the merits of Krugler's claims.