**John DOE, Plaintiff,**

v.

**DEPARTMENT OF the NAVY, Defendant.**

Civ. No. S90–210.

United States District Court,
N.D. Indiana,
South Bend Division.

March 5, 1991.

John Doe, pro se.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case was filed *pro se* originally under cause number SM90–54 and was later assigned S90–210. The complaint was filed on May 11, 1990, and purports to bring an action under 5 U.S.C. § 551 and 552(a) and Title 28 U.S.C. § 1361 and § 1391. There is also a general citation to Title 10 of the United States Code.

■ This court is mandated to greatly indulge *pro se* plaintiffs. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *See also Smith v. Fairman,* 862 F.2d 630 (7th Cir.1988), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989); *Abdul–Wadood v. Duckworth,* 860 F.2d 280 (7th Cir.1988); and *Cain v. Lane,* 857 F.2d 1139 (7th Cir. 1988). The record in this regard will speak eloquently to that indulgence.

Much of the jockeying that has gone on in this case is about such collateral things as the use of a fictitious name and meritless motions for default. The complaint in this case has to do with the military service of this plaintiff a long time ago. This court held a hearing in open court on September 14, 1990, and heard from the plaintiff under oath; that proceeding under oath is very much in this court's mind.

Following the proceedings on September 14, 1990, the defendants filed a supplemental motion to dismiss challenging the subject matter jurisdiction of this court under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As best this court can determine and indulging this record in the light most favorable to this plaintiff for whom this court has great sympathy, this is the second time that this plaintiff has sought to remove certain records from his official military personnel files. The previous action was in the United States District court for the District of Hawaii where the plaintiff on November 20, 1989, asserted similar claims with reference to his military personnel records. That case was Peter G. Pototsky v. Department of Navy, et al., Civil Number 89–00928HMF. A copy of that complaint has been examined by this court and the same was voluntarily withdrawn by the plaintiff on April 18, 1990.

The plaintiff alleges that while a member of the Armed Forces of the United States, he was "subject to actions on January 9, 1987, resulting in charges of March 2, 1987 (amended March 4, 1987)." He further alleges that certain members of the Department of the Navy, namely W.R. Gage, J.L. Larue, and M.H. Boyce, "conspired to maliciously prosecute, defame and deny the plaintiff's constitutional rights." He further alleged that on or about July 24, 1989, the plaintiff requested that the defendant make "amendments to records in its possession" although the complaint does not identify any particular records to which the plaintiff may have sought amendments on or about July 24, 1989. No action was then taken on the plaintiff's July 24, 1989, request and on or about October 3, 1989, the plaintiff "appealed" this so-called lack of action to the Department of the Navy. He alleges that by letter from the Department of the Navy dated October 23, 1989, it refused amendment based on timeliness. In a letter dated October 24, 1989, from the headquarters of the Marine Corps, it denied possession of records to which amendments were being sought. The plaintiff objected to this review in its records in a letter to the Marine Corps dated November 18, 1989. At a later time, the Marine Corps notified the plaintiff on December 14, 1989, that the requested records had been located, but denied amendment of those records. The plaintiff appealed this denial to the Department of the Navy on or about December 21, 1989, and on February 20, 1989, it is alleged that the Department of the Navy agreed to expunge the records, but by a letter dated March 2, 1990, the Marine Corps refused to expunge the records and transferred the file to the plaintiff's official military file. The plaintiff appealed this action to the Department of the Navy in a letter dated March 8, 1990, and this appeal was denied on or about May 1, 1990, in a letter from the Department of the Navy in which it was stated that the denial was final and that the plaintiff could seek judicial review.

The plaintiff alleges that he has exhausted his administrative remedies and that he is entitled under § 552(a) of Title 5 of the United States Code to seek and obtain amendments to records. The relief prayed for in this complaint includes a request that this court order the Department of the Navy to "amend the records" and that this court find that the defendant willfully and intentionally violated rights under the Constitution and parallel rights under Title 10 United States Code, and that the court order such action as to repair damages caused by the defendant and that this court award plaintiff his costs and disbursements in this action. He has also requested that any documents entered by him in this action be sealed from public view, which certainly represents one attitude about the right of the public and the press under the First Amendment.

The defendant has previously moved to dismiss this action or for a more specific statement of the underlying facts. At the status hearing held in this case on September 14, 1990, the plaintiff produced a copy of the charge sheet, DD Form 458, which reflects the charges that were proffered against him on March 4, 1987, while he was on active duty in the United States Marine Corps and assigned to the Marine Helicopter Squadron 463, First Marine Amphibious Brigade, Fleet Marine Force, Marine Corps Air Station, Kaneohe Bay, Hawaii.

That charge sheet reflects the charges under Articles 89 and 90 of the Uniform Code of Military Justice where preferred, namely for a disrespect toward a superior commissioned officer and assaulting or wilfully disobeying a superior commissioned officer, and that such charges were proffered on March 4, 1987.

On September 14, 1990 in open court and under oath, this plaintiff identified this charge sheet and other unspecified records related to the charge sheets as records which he seeks to "amend" in this action. This court has carefully examined the transcript of the proceedings on September 14, 1990, as prepared by the Official Court Reporter. At that hearing, this court did what several judges of the Court of Appeals have said that it must do. It inquired specifically into the subject matter jurisdiction of this court and case. *See Bates v. Johnson,* 901 F.2d 1424 (7th Cir.1990); *Newman–Green, Inc., v. Alfonzo–Larrain R.,* 854 F.2d 916 (7th Cir.1988). It was ordered that that issue be briefed and a schedule was set with reference to it.

 This plaintiff has not formally sought correction of his official military personnel file through the Board of Correction of Naval Records (BCNR). There is a substantial body of case law which has been developed concerning the correction of military records. That case law requires the exhaustion of administrative remedies prior to instituting an action in a United States district court. This plaintiff seeks to have the two charge sheets that were used as exhibits at his administrative discharge board expunged from his military records. He claims that these charge sheets were prepared by several governmental officials for improper motives and hence should not be considered at this administrative board proceeding. The plaintiff contends that he was prejudiced by consideration of these exhibits as they were the "primary cause" of his discharge.

With all deference, this court is very hard-pressed to find a violation of the Privacy Act in this context.

10 U.S.C. § 1552 created the BCNR, which has broad equitable powers to correct a serviceman's records where necessary to correct an error or to remove an injustice. *See also Chappell v. Wallace,* 462 U.S. 296, 301–303, 103 S.Ct. 2362, 2366–67, 76 L.Ed.2d 586 (1983), and *Knehans v. Alexander,* 566 F.2d 312, 315 (D.C.Cir. 1977), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 83 (1978). It is certainly not this court's proper function to give legal advice to a *pro se* plaintiff, nor to tell an administrative agency how to conduct its business. However, this court can and does have experience in reading federal statutes and thinks that it can read and understand this one. This statute contains broad authority by which that particular administrative agency can determine whether or not there is an injustice in the

factual context of this situation and, if appropriate, remedy such an injustice.

This circuit has been specific in requiring the exhaustion of the military correction board remedy before instituting a federal court action concerning the amendment of military records. *See Champagne v. Schlesinger,* 506 F.2d 979, 983–984 (7th Cir.1984). *See also Muhammad v. Secretary of the Army,* 770 F.2d 1494, 1495 (9th Cir.1985). *See also Linfors v. United States,* 673 F.2d 332, 334 (11th Cir.1982); *Thornton v. Coffey,* 618 F.2d 686, 692 (10th Cir.1980); and *Kruger v. Department of the Army,* 594 F.Supp. 565, 568 (N.D.Ill. 1984).

It is highly doubtful if the above cited privacy act provides this United States district court with subject matter jurisdiction to review military personnel decisions. At least two district courts have so ruled. In *Rogers v. Department of Labor,* 607 F.Supp. 697, 699 (N.D.Cal.1985), it was held that the Privacy Act "may not be employed as a skeleton key for reopening consideration of unfavorable federal agency decisions." *See also Albright v. United States,* 732 F.2d 181, 190 (D.C.Cir.1984).

With regard to the removal of the so-called charge sheets from the records, there appears to be specific authority which requires the exhaustion of the remedies provided in the military records correction board. In this circuit, see *Diliberti v. Brown,* 583 F.2d 950, 951 (7th Cir.1978). *See also Horn v. Schlesinger,* 514 F.2d 549, 552 (8th Cir.1975).

There is recent respectable authority that this plaintiff is not free to choose to attempt amendment of his military records under the Privacy Act alone without resort to the records correction board remedy. *See Cargill v. Marsh,* 902 F.2d 1006 (D.C. Cir.1990).

■ The defendant makes an appealing statute of limitations argument and asserts that under § 552a(g)(5) of the Privacy Act, which provides in pertinent part that "an action to enforce any liability created under this section may be brought in the district court of the United States within two years from the date which the cause of action arises. A cause of action under the Privacy Act accrues at the time:

(1) an error is made in maintaining the plaintiff's records;

(2) the plaintiff was wronged by such error; and

(3) the plaintiff either knew or had reason to know of such error."

*See Bergman v. United States,* 751 F.2d 314, 316 (10th Cir.1984), *cert. denied,* 474 U.S. 945, 106 S.Ct. 310, 88 L.Ed.2d 287 (1985). In this case, the plaintiff filed his complaint on May 11, 1990, seeking to amend or expunge a "record" created on or about March 4, 1987. The allegations of the complaint demonstrate that the plaintiff was aware of the existence of the charge sheet from March 4, 1987 onward. The statute of limitations period under § 552a(g)(5) begins to run from the date in which the plaintiff first had reason to believe that the records existed. *See Ertell v. Department of the Army,* 626 F.Supp. 903, 908 (C.D.Ill.1986). One can certainly argue that this case can be foreclosed even if subject matter jurisdiction exists on the basis of the statute of limitations. Such would be the case even if somehow the filing of the case in the United States District Court in Hawaii on November 29, 1989, were folded into the argument. However, this court feels that the statute of limitations is at best a backup argument and chooses not to specifically rely thereon.

This plaintiff was given the full benefit of the notices required under *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), and did indeed file a reply to the defendant's supplemental motion to dismiss on November 30, 1990. With all deference, this plaintiff proceeds to make the detailed argument that must be addressed to the BCNR. This plaintiff cites *Ertell v. Department of the Army,* 626 F.Supp. 903, 908 (C.D.Ill. 1986), quoting Judge Gesell's opinion in *R.R. v. Department of the Army,* 482 F.Supp. 770 (D.D.C.1980) and neither of those cases creates jurisdiction in this court under the circumstances presented in this case.

This court has carefully considered the 15–page, typewritten response of the plaintiff which is quite cogent and in altogether proper legal form. Nonetheless, it simply does not persuade this court. The court is empathetic with the bureaucratic frustrations that may be experienced by this plaintiff, but this court does not sit as a general moral conscience of the community to right all wrongs that may exist in our society. This court is a creation of Article III of the Constitution of the United States and is confined to specific statutory subjects which, in the composite, are quite large. However, with no personal disrespect meant to this plaintiff, those jurisdictional provisions are simply not large enough to entertain this case at this time. Whatever the inconvenience, this plaintiff must walk through the administrative procedures provided for in regard to discharge correction and correction of records, and may thereafter have judicial review of the same.

The complaint in this case is DISMISSED WITHOUT PREJUDICE. Each party will bear its own costs. IT IS SO ORDERED.