**Johnnie M. GRIFFIN, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Appellee.**

No. 99–5124.

United States Court of Appeals, District of Columbia Circuit.

Filed Oct. 29, 1999.

Before: SILBERMAN, HENDERSON, and TATEL, Circuit Judges.

---

## ORDER

PER CURIAM

Upon consideration of the motion for appointment of counsel; the motion for summary reversal; and the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. *See D.C. Circuit Handbook of Practice and Internal Procedures* 45 (1997). It is

**FURTHER ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley,* 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); *Walker v. Washington,* 627 F.2d 541, 545 (D.C.Cir. ) (per curiam), *cert. denied,* 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 292 (1980). The Privacy Act requires that an action be brought within two years from the date the action arose, or within two years after the discovery of a willful misrepresentation by the agency that is material to its liability. *See* 5 U.S.C. § 552a(g)(5). A cause of action under the Privacy Act arises when the plaintiff knew or should have known of the alleged violation. *See Tijerina v. Walters,* 821 F.2d 789, 798 (D.C.Cir.1987). Failure to file within the statute of limitations is jurisdictional. Thus an untimely complaint deprives the district court of subject matter jurisdiction. *See Diliberti v. United States,* 817 F.2d 1259, 1262–64 (7th Cir. 1987); *see also Bowyer v. United States Dep't of Air Force,* 875 F.2d 632, 635 (7th Cir.1989). Appellant filed his complaint well after the two-year statute of limitations had run. His complaint should thus have been dismissed for lack of subject matter jurisdiction.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41. The Clerk also is directed to publish this order.