**Lyndon LAROUCHE, Jr., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF TREASURY, Defendant.**

**No. Civ.A.91–1655(RCL).**

United States District Court, District of Columbia.

Aug. 29, 2000.

James H. Lesar, Washington, DC, for plaintiff.

Stuart D. Gibson, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on defendant United States Department of Treasury's ("Treasury") Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Upon consideration of that motion, plaintiff Lyndon LaRouche's opposition thereto, defendant's reply, the entire record herein, and the relevant law, the Court has determined that it lacks jurisdiction to rule on Treasury's motion because Treasury has filed a Notice of Appeal. However, if this Court had jurisdiction, it would grant Treasury's motion.

## BACKGROUND

In 1991, plaintiff Lyndon LaRouche ("LaRouche") filed a Freedom of Information Act ("FOIA") request with the Internal Revenue Service ("IRS"), an agency of defendant Treasury. LaRouche requested records from the IRS pertaining to his criminal conviction. Over the next two years, the IRS released some records, withheld other records, and referred LaRouche's request to other agencies that may have had records responsive to his request.

LaRouche filed this suit, alleging that the IRS conducted inadequate searches for records responsive to his request and that the IRS improperly withheld documents. Although the case was dismissed in 1994, the plaintiff requested that the case be reopened. The Court granted that request and each side filed a motion for summary judgment. By order dated May 22, 1998, the Court granted in part and denied in part each party's motion for summary judgment. Two issues remained unresolved: first, whether the search for records conducted at IRS headquarters was adequate and second, whether the IRS was improperly withholding records from LaRouche pursuant to FOIA Exemption 3 in conjunction with Federal Rule of Criminal Procedure 6(e). Accordingly, the Court's May 22, 1998 order directed defendant IRS to file memoranda explaining the adequacy of the search and a *Vaughn* Index describing the documents it withheld.

With respect to the adequacy of the search, Treasury filed a Notice of Compliance With Order on June 22, 1998. The Notice of Compliance included seven declarations by IRS employees pertaining to the scope of the search. In response to

defendant's Notice of Compliance, the Court granted the remainder of defendant's motion for summary judgment regarding the adequacy of the search by order dated August 26, 1998. On September 10, 1998, LaRouche filed a Motion to Reconsider and Vacate the Court's August 26, 1998 Order.

With respect to the withheld documents, the Court granted a Consent Order Concerning *Vaughn* Index on August 3, 1998 (that order was filed on August 13, 1998). The Consent Order stipulated that Treasury would be relieved of its obligation to prepare a *Vaughn* index of the grand jury documents which are in the possession or control of the FBI and which are the subject of another case pending before this Court, *Lyndon LaRouche, Jr. v. United States Department of Justice,* Civil Action No. 90–2753 (D.D.C.) ("*LaRouche v. Justice* "). The Consent Order also stipulated that the IRS shall process and either release or index the documents it had withheld pursuant to FOIA exemption (b)(3) and Rule 6(e) of the Federal Rules of Criminal Procedure. On September 11, 1998, the IRS submitted the required *Vaughn* Index in which it renewed its motion for summary judgment. On November 9, 1998, LaRouche filed a cross-motion for summary judgment, arguing for disclosure of the withheld documents described in defendant's *Vaughn* Index.

· This case was reassigned from Judge Harold H. Greene to the undersigned judge on September 9, 1999. On March 31, 2000, this Court 1) denied plaintiff's Motion to Reconsider and Vacate the Court's August 26, 1998 Order, 2) granted in part and denied in part LaRouche's November 9, 1998 cross-motion for summary judgment, and 3) granted Treasury's motion to strike a declaration presented in support of LaRouche's cross-motion for summary judgment.

On May 2, 2000, Treasury filed its Motion for Relief from Judgment. Treasury asserts that the judgment entered on March 31, 2000, contravened two earlier Orders of the Court which were issued by Judge Greene, one in the instant case and one in a related case, and was contrary to established law in one respect. LaRouche filed an opposition memorandum on May 26, 2000. Also on May 26, 2000, Treasury filed a Notice of Appeal from the Court's March 31, 2000 Order and Judgment. The Clerk transmitted the preliminary record on appeal to Court of Appeals for the District of Columbia Circuit on June 1, 2000. Subsequently, Treasury filed a reply memorandum with this Court in support of its motion for relief from judgment. In light of Treasury's appeal and subsequent filing with this Court, this Court requested, by order dated June 20, 2000, a supplemental memorandum from Treasury and an optional reply from LaRouche, discussing whether this Court still had jurisdiction to rule on Treasury's Rule 60(b) motion for relief from judgment. Treasury and LaRouche each filed supplemental memorandum on June 23, and July 13, respectively. The litigants agreed that although this Court presently lacks jurisdiction to grant Treasury's Rule 60(b) motion, a procedure exists whereby the case could be remanded for the Court to rule on Treasury's motion, if this Court would grant any part of the motion.

## ANALYSIS

As a result of the procedural posture, the Court faces two issues. First, in light of Treasury's Notice of Appeal, whether the Court has jurisdiction to rule on Treasury's motion for relief from judgment, or whether the Court could be vested with jurisdiction. Second, if the Court has jurisdiction, or if it were vested with jurisdiction, whether the Court would grant Treasury relief from judgment on any or all of the three grounds that it seeks.

### I. Jurisdiction

Rule 60(b) of the Federal Rules of Civil Procedure allows a district court to relieve a party from a judgment for various reasons, including "mistake, inadver-

tence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). The filing of a notice of appeal, however, "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C.Cir.1997) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). When a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue and "the District Court may consider the 60(b) motion, and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C.Cir.1991), *cert. denied*, 503 U.S. 967, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992) (citing *Reuber v. United States*, 750 F.2d 1039, 1051 n. 16 (D.C.Cir.1984) (as amended Jan. 23, 1985); *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 n. 22 (D.C.Cir.1971), *cert. denied*, 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972)); *see Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir.1952). Further, although a district court does not have jurisdiction to grant a Rule 60(b) motion while the appeal is pending, it does have authority to deny such a motion while the appeal is pending. *Smith*, 194 F.2d at 350

When Treasury filed its Notice of Appeal on May 26, 2000, this Court was divested of jurisdiction. Jurisdiction was conferred on the Court of Appeals for the District of Columbia Circuit. Under the procedure described in *Hoai*, this Court may consider Treasury's Rule 60(b) motion while Treasury's appeal is pending and determine whether it would grant that motion assuming the Court had jurisdiction. The Court has considered Treasury's Rule 60(b) motion and, for the reasons set forth below, has determined that it would grant that motion, if the Court had jurisdiction. Accordingly, Treasury may move the Court of Appeals for a remand in order that relief may be granted.

## II. Treasury's First Ground for Relief From Judgment

■ First, Treasury seeks relief from the portion of this Court's March 31, 2000 Order and Judgment stating that Treasury shall release certain documents created by the Federal Bureau of Investigation ("FBI") to LaRouche. For the following reasons, that part of Treasury's motion for relief from judgment must be granted.

LaRouche is concurrently pursuing separate lawsuits against two federal agencies, the Departments of Justice ("Justice") and Treasury. In this lawsuit, LaRouche seeks documents from the IRS, a component of Treasury. In the other lawsuit, LaRouche seeks documents from the FBI, a component of Justice. After Judge Greene ruled on the majority of issues in this case, the parties realized that some documents at issue were located in the files of both the IRS and FBI. In other words, copies of documents created by the IRS were located in both IRS and FBI files, and copies of documents created by the FBI were located in both FBI and IRS files. Therefore, the parties agreed to litigate LaRouche's claims pertaining to the IRS-created documents in this lawsuit, and to litigate LaRouche's claims pertaining to the FBI-created documents in the other lawsuit. Judge Greene adopted this approach in his August 13, 1998 Consent Order, which stated that Treasury "shall not be required to prepare an index of documents in the possession or control of the FBI, and which are the subject of the action entitled *Lyndon LaRouche, Jr. v. United States Department of Justice*, Civil Action No. 90–2753(HHG) (USDC D.C.)." Accordingly, in this action, the IRS did not defend the FBI's decision to withhold its own documents. Treasury understood that the FBI would defend that decision in LaRouche's lawsuit against Justice.

With respect to the FBI-created documents contained in the IRS's files, and

identified in the IRS's *Vaughn* Index by Bates stamp numbers 1–13 and 442–774, this Court's March 31, 2000 Memorandum Opinion stated:

> [t]he IRS has referred those documents contained at pages 1–13 and 442–774 to the Department of Justice. As of this date, the Court has received no response from the Department of Justice regarding the withholding of the entirety of these documents. As neither entry contains a sufficient description of the document and the exemption, nor a justification of the non-segregability, LaRouche is entitled to summary judgment as to these documents.

Mem.Op., p. 23. In addition, the Court's March 31, 2000 Order and Judgment held that Treasury shall release pages 1–13 and 442–774 to LaRouche. In light of the parties' agreement that pages 1–13 and 442–774 are the subject of LaRouche's litigation against Justice, and Judge Greene's Consent Order adopting that agreement, this Court's March 31, 2000 Memorandum Opinion and Order and Judgment were incorrect. Accordingly, Treasury's motion for relief from judgment must be granted. Treasury should not be required to release pages 1–13 and 442–774, described on pages 10 and 51 of Treasury's *Vaughn* Index, to LaRouche. Issues pertaining to those pages will be litigated in *Lyndon LaRouche, Jr. v. United States Department of Justice,* Civil Action No. 90–2753(HHG) (USDC D.C.).

**III. Treasury's Second Ground for Relief from Judgment**

Second, Treasury asks the Court for relief from the portion of the judgment that requires Treasury to release to LaRouche the page Bates stamped 150, which is described on page 19 of Treasury's *Vaughn* Index. For the following reasons, Treasury must be relieved from this portion of the judgment and may withhold page 150 in its entirety.

As a preliminary matter, it is unclear whether LaRouche understands that page 150 is the subject of this litigation, as opposed to *LaRouche v. Justice,* or whether he does not oppose this portion of Treasury's motion for relief from judgment. None of LaRouche's memoranda in this case discuss page 150. In addition, LaRouche's memorandum in opposition to Treasury's motion for relief from judgment states that he does not oppose Treasury's motion as it applies to *the first two documents,* because those documents are the subject of *LaRouche v. Justice* and will be litigated in that suit. Pl.'s Opp'n Mot., at 1. LaRouche's opposition memorandum goes on to state that he opposes the relief sought by Treasury with respect to *the remaining two documents.* Thus, LaRouche seems to believe that Treasury's motion for relief from judgment concerns a total of four documents. In fact, Treasury's motion concerns five documents. They are referred to in this opinion as 1) "pages 1–13", 2) "pages 442–774", 3) "page 150", 4) the Special Agent Report ("SAR"), and 5) the Criminal Reference Letter ("CRL"). Because LaRouche's opposition memorandum argues only for the disclosure of the SAR and CRL, it appears that LaRouche does not oppose this portion of Treasury's motion or he believes that page 150 is the subject of *LaRouche v. Justice* and will be litigated there.

Based on the following facts, it is clear that page 150 is within the scope of the instant case. Judge Greene signed the parties' Consent Order on August 13, 1998, stipulating that documents created by the FBI will be litigated in *LaRouche v. Justice* and that documents created by the IRS will be litigated in the instant case. Subsequently, Treasury filed its *Vaughn* Index in the instant case on September 11, 1998. The Preamble to the *Vaughn* Index states that Treasury identified two documents in its files that were created by the FBI, pages 1–13 and pages 442–774. Def.'s *Vaughn* Index, at 1. The Preamble also states that Treasury referred those documents to the FBI. Further, the Index's description of pages 1–13 and 442–

774, on pages 10 and 51 of the Index, again notes that they are being referred to the FBI. Def.'s *Vaughn* Index, at 10, 51. According to the Index, these are the only two documents in the IRS's files that were created by the FBI and therefore referred to the FBI. Treasury did not maintain that page 150 was created by the FBI or was being referred to the FBI. On the contrary, Treasury's *Vaughn* Index gives a detailed description of page 150. Page 150 was created by the IRS and is therefore within the scope of the instant case. It will not be re-litigated in *LaRouche v. Justice.*

Page 150 is described in Treasury's *Vaughn* Index as follows:

Memorandum, dated August 18, 1986, to S.A. Larry Lucy (sic), pertaining to the service of a subpoena with respect to a grand jury investigation of a person other than Lyndon LaRouche.

Withheld in full.

Grand Jury information protected: Identity of investigation target, scope and direction of the investigation.

Additionally, this memorandum consists of third party return information exempt from disclosure under FOIA exemption (b)(3) in conjunction with I.R.C. § 6103(a). Further, the memorandum consists of information pertaining to an individual third party, the disclosure of which would be an unwarranted invasion of personal privacy, which is exempt from disclosure under FOIA exemption (b)(7)(C).

Def.'s *Vaughn* Index, at 19. This Court's March 31, 2000 Memorandum Opinion stated, with respect to page 150, that the IRS appropriately redacted 1) grand jury information pursuant to Exemption 3 in connection with Federal Rule of Criminal Procedure 6(e), and 2) third party tax return information pursuant to Exemption 3 in connection with I.R.C. § 6103(a). Mem. Op., p. 19. The Court also stated that

information pertaining to a third party was protected under FOIA Exemption 7(C). *Id.* However, the Court noted that once this information was redacted, the remainder of the document should be segregated for disclosure. *Id.* Further, the Court's March 31, 2000 Order and Judgment required Treasury to disclose page 150 [in redacted form] to LaRouche. For the following reasons, Treasury must be relieved of the portion of this Court's March 31, 2000 Memorandum Opinion and Order and Judgment requiring Treasury to release page 150 to LaRouche.

■ Section 6103 of the Internal Revenue Code provides that tax returns and "return information", as defined therein, shall be confidential and shall not be disclosed except as authorized. 26 U.S.C. § 6103(a)(1). Return information is defined broadly, and includes a taxpayer's identity, the nature, source, or amount of his or her income, net worth, whether the taxpayer's return was, is being, or will be examined or subject to other investigation, or any other data with respect to the determination of the existence, or possible existence, of liability of any person for tax, penalty, interest, or other offense. 26 U.S.C. § 6103(b)(2)(a). "Return information" is exempt from disclosure under FOIA Exemption 3. *Tax Analysts v. IRS,* 117 F.3d 607, 611 (D.C.Cir.1997). Further, return information is not subject to the segregation requirement of the FOIA, § 552(b), and should be withheld in its entirety. *Church of Scientology of California v. IRS,* 484 U.S. 9, 11, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987).

■ Page 150 is "return information" because it discusses a taxpayer who is under investigation by a grand jury. Because it is "return information", it is protected from disclosure under Internal Revenue Code Section 6103(a)(1) in connection with FOIA Exemption 3.[1] Further, based

---

1. Portions of page 150 are also protected under FOIA Exemption 7(C) and Rule 6(e) of the Federal Rules of Criminal Procedure. It is not necessary to discuss those provisions, however, because page 150 is protected in its entirety by Section 6103(a)(1).

on the Supreme Court's clear statement in *Church of Scientology,* the IRS does not have a duty under the FOIA to redact names and other personal identifiers from page 150 and disclose the remainder of the document to LaRouche. *See Id.* at 18, 108 S.Ct. 271. Treasury must therefore be relieved from the portion of this Court's judgment ordering the IRS to release page 150 to LaRouche.

### III. Treasury's Third Ground for Relief from Judgment

Third, Treasury seeks relief from the portion of the judgment requiring it to disclose in full copies of two documents: 1) the Special Agent's Report ("SAR"), described on pages 24–30 of Treasury's *Vaughn* Index (Bates stamp numbers 155–369); and 2) the Criminal Reference Letter ("CRL"), described on page 31 of Treasury's *Vaughn* Index (Bates stamp numbers 370–390). Treasury states that a June 25, 1993 order in *LaRouche v. Justice,* presided over by Judge Greene, held that the SAR and CRL were protected from disclosure under FOIA Exemptions 3 and 5. Treasury argues that this Court's March 31, 2000 Order and Judgment contravenes the June 25, 1993 order and that the doctrine of collateral estoppel prohibits disclosure of the SAR and CRL. Treasury's counsel in this case states that, like this Court, he was unaware that the SAR and CRL had been litigated in *LaRouche v. Justice.* For the following reasons, this Court finds that the doctrine of collateral estoppel applies and Judge Greene's June 25, 1993 order controls, to the extent that it correctly applies the law to the facts. Accordingly, Treasury must be relieved of the portion of this Court's judgment that requires it to disclose the SAR and CRL. Treasury must follow Judge Greene's June 25, 1993 order, as modified by the discussion below.

### A. Collateral Estoppel

The doctrine of collateral estoppel prevents a litigant from raising issues of fact or law that it litigated and were decided in another case. The Supreme Court described this doctrine as follows:

> Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.

*Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (internal citations omitted). The following three elements must be present to establish that collateral estoppel precludes a party from relitigating an issue of fact or law: 1) "the issue must have been actually litigated, that is, contested by the parties and submitted for determination by the court"; 2) "the issue must have been 'actually and necessarily determined by a court of competent jurisdiction' in the first trial"; and 3) "preclusion in the second trial must not work an unfairness. Preclusion is sometimes unfair if the party to be bound lacked an incentive to litigate in the first trial, especially in comparison to the stakes of the second trial." *Otherson v. Department of Justice,* 711 F.2d 267, 273 (D.C.Cir.1983). Because all three of these elements are satisfied here, the Court will relieve Treasury from its obligation to disclose the SAR and CRL to LaRouche.

First, the issues of fact and law pertaining to the SAR and CRL were litigated in *LaRouche v. Justice* and submitted to the court for determination. As in this case, the agency in *LaRouche v. Justice* located the SAR and CRL in its files and withheld the documents from LaRouche pursuant to FOIA Exemptions 3 and 5. In *LaRouche v. Justice,* as in the instant case, LaRouche challenged the agency's decision to withhold the two docu-

ments and presented its position to the court for a decision.

Second, Judge Greene actually decided this issue in *LaRouche v. Justice.* Judge Greene considered Treasury's motion for partial summary judgment, a *Vaughn* Index, and a supporting declaration. The Index and declaration explained why Treasury withheld the two documents in full. On June 25, 1993, Judge Greene ruled that the SAR and CRL are exempt in full.

Third, precluding LaRouche from relitigating the SAR and CRL would not work an unfairness to him. LaRouche had the same incentive to litigate these documents in *LaRouche v. Justice* as he does here. Further, to award LaRouche the relief that Judge Greene denied him in *La-Rouche v. Justice* would unfairly subject Treasury to multiple, inconsistent adjudications of the same issues.

LaRouche opposes the portion of Treasury's motion for relief from judgment pertaining to the SAR and CRL. He argues that Treasury should disclose the SAR and CRL in their entirety, consistent with the March 31, 2000 Order and Judgment, because the doctrine of collateral estoppel does not apply.

■ First, LaRouche contends that collateral estoppel normally applies only where a final judgment has been entered in an action. Because Judge Greene's June 25, 1993 order was not a final order in *LaRouche v. Justice,* LaRouche asserts that collateral estoppel does not apply here. Second, LaRouche argues that Treasury's attempt to apply the "law of the case doctrine" must be rejected. Treasury acknowledged that the June 25, 1993 order was not a final judgment in *LaRouche v. Justice,* but argues that the law of the case doctrine prohibits La-Rouche from relitigating the SAR and CRL in this action. The law of the case doctrine holds that "a determination of an issue of law at one stage of a case becomes 'the law of the case' and will not be reexamined in a subsequent stage of *the case.*"

Pl.'s Opp'n Mot. at 5 (quoting Louisell, David W., Geoffrey C. Hazard, Jr., and Colin C. Tait, *Pleading and Procedure, State and Federal* (Fifth Edition)) at 610–611 (emphasis added by Pl.). LaRouche argues that the law of the case doctrine applies to issues being litigated in the same case, but that it does not apply to issues being litigated in another case. Therefore, according to LaRouche, the June 25, 1993 order in *LaRouche v. Justice* is not the law of the case in the instant action. The Court rejects these two arguments, which ask the Court to put aside common sense in favor of an inconsistent result which occurred inadvertently. The Court rejects LaRouche's rigid concept of finality. Instead, the Court agrees with Treasury that "[f]inality for purposes of issue preclusion is a more 'pliant' concept than it would be in other contexts. Finality 'may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.'" *In re Brown,* 951 F.2d 564 (3d Cir.1991) (quoting *Dyndul v. Dyndul,* 620 F.2d 409, 412 (3d Cir.1980); *see also Metromedia Co. v. Fugazy,* 983 F.2d 350, 366 (2d Cir.1992), *cert. denied,* 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993); *Moore's Federal Practice 3d,* § 132.03[5][b][i], and cases cited therein. There is no doubt that Judge Greene intended his June 25, 1993 ruling pertaining to the SAR and CRL to be "final". The parties briefed the issues pertaining to those documents, the Court issued an opinion on those issues, and the Court gave no indication that it intended to revisit those issues while the parties were litigating the remainder of the case.

B. Segregability

■ Two issues, concerning segregability, must be addressed. First, La-Rouche argues that Judge Greene's June 25, 1993 decision should be revised because it did not make an express finding on segregability, which the D.C. Circuit now requires. Second, this Court finds that

Judge Greene's ruling overlooked Circuit precedent concerning under what circumstances the agency must segregate and disclose grand jury information which is allegedly in the public domain.

First, Judge Greene's June 25, 1993 decision did not take into account *Davis v. U.S. Department of Justice*, 968 F.2d 1276 (D.C.Cir.1992). *Davis* held that a requester who seeks access to grand jury information allegedly within the public record must "point to 'specific' information 'identical' to that being withheld." *Id.* at 1280. In applying *Davis*, this Court's March 31, 2000 Memorandum Opinion found that "LaRouche failed … to provide the requisite specificity in alleging that the information withheld is already in the public domain. LaRouche does not provide the necessary 'match' between the documents previously disclosed and those documents for which Exemption 3 is claimed." Mem. Op. at 14. In contrast, Judge Greene's June 25, 1993 order ruled that "defendant must review the [SAR and CRL] and disclose those portions withheld pursuant to Exemption 3 and Rule 6(e) which were revealed at trial." Order at 3. The Court has determined, based on *Davis*, that the March 31, 2000 Memorandum Opinion controls this issue. Treasury does not need to disclose any information in the SAR or CRL that is protected under Exemption 3 in connection with Rule 6(e) because LaRouche failed to meet his burden of production.

Second, the D.C. Circuit has recently held that a district court has an affirmative duty to enter a finding regarding segregability *sua sponte* even if the parties themselves do not raise the issue. *Trans–Pacific Policing Agreement v. U.S. Customs*, 177 F.3d 1022, 1028 (D.C.Cir.1999). LaRouche argues that Judge Greene's June 5, 1993 decision did not enter an express finding on segregability, and because the law has changed and now requires an express finding on segregability, LaRouche is not collaterally estopped from relitigating this issue.

The Court agrees with LaRouche that in light of *Trans–Pacific Policing Agreement*, LaRouche is not collaterally estopped from arguing that Judge Greene's failure to enter a finding on segregability should be revised. Neither the June 25, 1993 memorandum nor the order of that date make a finding of segregability with respect to the information in the SAR and CRL withheld under Exemption 5. The documents may contain some information that is not protected by Exemption 5. If such information were not protected by another exemption, it would be appropriate to segregate information for disclosure. However, a review of the *Vaughn* Index in *LaRouche v. Justice* and the instant case indicates that the SAR and CRL are covered in their entirety by Exemption 3 in connection with Federal Rule of Criminal Procedure 6(e). And as discussed above, LaRouche failed to meet his burden of production that the information protected under Exemption 3 in connection with Rule 6(e) is already in the public domain. Accordingly, Treasury may withhold both the SAR and CRL in their entirety.

IV. Conclusion

This Court lacks jurisdiction because Treasury appealed the March 31, 2000 decision. If the Court of Appeals remanded this case, however, this Court would grant Treasury's motion for relief from judgment in its entirety. Specifically, the Court would relieve Treasury from the following requirements: 1) disclosure of pages 1–13 and 442–774, which are the subject of another case, *LaRouche v. Justice*; 2) disclosure of page 150, which is "third party tax information" protected from disclosure as a matter of law; 3) disclosure of the pages 155–369 (the SAR) and pages 370–390 (the CRL), which are protected from disclosure under Exemption 3 in connection with Rule 6(e).