**M.K. et al., Plaintiffs,**

v.

**George TENET, Director, Central Intelligence Agency, et al., Defendants.**

**Civ. A. No. 99–0095 (RMU).**

United States District Court, District of Columbia.

Dec. 3, 2001.

Roy Walter Krieger, Paleos & Krieger, Washington, DC, Mark Steven Zaid, Washington, DC, for plaintiffs.

Sylvia T. Kaser, U.S. Dept. of Justice, civil Div., Washington, DC, for defendants.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION FOR RECONSIDERATION

## I. INTRODUCTION

Eight employees of the United States Central Intelligence Agency brought this as-yet-uncertified class action against that agency, that agency's director, George Tenet, and 30 unnamed "John and Jane Does" (collectively "the CIA"). In a four-count amended complaint, the plaintiffs allege that the CIA violated the Privacy Act of 1974, 5 U.S.C. § 552a, and their constitutional rights to "liberty, due process, access to the courts and to receive effective assistance of counsel under the First, Fourth, Fifth and Sixth Amendments" of the Constitution. Before the court is the defendants' motion for reconsideration, pursuant to Federal Rule of Civil Procedure 54(b), of this court's order granting in part and denying in part the defendants' motion to dismiss, filed on March 23, 2000. After consideration of the parties' submissions and the relevant law, the court will not dismiss the plaintiffs' claims alleging a violation of the Privacy Act since those claims are not conclusively time barred by the applicable statute of limitations. The court will dismiss the plaintiffs' due pro-

cess claim for failure to plead a cognizable claim. Accordingly, the court will grant in part and deny in part the defendants' motion for reconsideration.

## II. BACKGROUND

### A. Factual Background

By way of background, on October 13, 1999, plaintiffs M.K. and Evelyn M. Conway filed the complaint initiating the present action. On April 12, 1999, the plaintiffs filed an amended complaint adding M.D.E., R.B., Grace Tilden, Vivian Green, and George D. Mitford as plaintiffs.[1] By order dated August 4, 1999, the court approved the voluntary dismissal without prejudice of plaintiff Vivian Green's claims. By order dated March 3, 2000, the court approved the voluntary dismissal without prejudice of plaintiff M.D.E.'s claims. Accordingly, plaintiffs M.K, Evelyn M. Conway, R.B., Grace Tilden, and George D. Mitford remain as plaintiffs in this action.

The plaintiffs claim that the defendants have "willfully and intentionally failed to maintain accurate, timely and complete records pertaining to the plaintiffs in their personnel, security and medical files so as to ensure fairness to [the] plaintiffs and therefore have failed to comply with 5 U.S.C. § 552a(e)(5) [the Privacy Act]." *See* Am. Compl. ¶ 116. The following are the plaintiffs' factual allegations relating to the inaccuracy of the records in question.

Plaintiff M.K. complains of a letter of reprimand placed in her personnel file in April 1997, which concerns her responsibility for the loss of top-secret information contained on laptop computers sold at an auction. *See id.* ¶¶ 15, 116a. Plaintiff Conway complains of a finding by the CIA Human Resources Staff/Personnel Evaluation Board concerning her ineligibility for foreign assignment. *See id.* ¶¶ 23, 116b.

Plaintiff Conway avers that the CIA notified her of this finding in March 1997. *See id.* ¶ 23.

Plaintiff C.T. complains of a Board of Inquiry determination that she was not qualified for the position she held with the CIA. *See id.* ¶¶ 67, 116e. This Board of Inquiry convened after "early 1998." *See id.* ¶¶ 66–67. Plaintiff Mitford complains of receiving two negative Performance Appraisal Reports ("PARs") and two negative "spot reports" on unspecified dates in 1997, allegedly based on false information. *See id.* ¶¶ 81, 116g. Plaintiff R.B. complains of inaccurate counter-intelligence ("CI") and polygraph information contained in his file. *See id.* ¶ 116f. Plaintiff R.B.'s last polygraph exam took place in February 1996. *See id.* ¶ 76. The court notes that plaintiff Tilden makes no allegations relating to count IV of the amended complaint ("Violation of the Privacy Act").

### B. Procedural History

By way of procedural history in the case, on March 24, 1999, the defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6). The plaintiffs responded to the defendants' motion to dismiss on August 18, 1999, and the defendants filed their reply on September 17, 1999. On March 23, 2000, this court issued a Memorandum Opinion and supplemental order granting in part and denying in part the defendants' motion to dismiss. On April 20, 2001, the defendants filed a motion for reconsideration of that order, pursuant to Federal Rule of Civil Procedure 54(b), seeking to dismiss the plaintiffs' remaining due process and Privacy Act claims. For the reasons that follow, the court grants in part and denies in part the defendants' motion for reconsideration.

---

1. The court notes for the record that several of the plaintiffs' names as they appear in this opinion are official pseudonyms assigned by the CIA.

## III. ANALYSIS

### A. Legal Standard for Review of Interlocutory Judgments

 A ruling which denies a motion to dismiss, in part, is an interlocutory judgment. *See In re Executive Office of the President,* 215 F.3d 20, 22 (D.C.Cir. 2000); *United States v. Rose,* 28 F.3d 181, 185 (D.C.Cir.1994) (ruling that "orders denying motions to dismiss are not 'final decisions' ... because such orders 'ensure[ ] that litigation will continue in the district court'" (quoting *Lauro Lines s.r.l. v. Chasser,* 490 U.S. 495, 498, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989))). A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *See* FED. R. CIV. P. 54(b); *see also Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C.2000) (citing FED.R.CIV.P. 60(b) Advisory Committee Notes). The court notes that the standard of review for interlocutory decisions differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b). *Compare Muwekma Tribe v. Babbitt,* 133 F.Supp.2d 42, 48 n. 6 (D.D.C.2001) *and United Mine Workers v. Pittston Co.,* 793 F.Supp. 339, 345 (D.D.C.1992) *with LaRouche v. Dep't of Treasury,* 112 F.Supp.2d 48, 51–52 (D.D.C.2000) *and Harvey v. District of Columbia,* 949 F.Supp. 878, 879 (D.D.C. 1996). A motion pursuant to Rule 59(e) to alter or amend a judgment after its entry is rarely granted. *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996); *Harvey,* 949 F.Supp. at 879. "The primary reasons for reconsideration of [a] judgment are 'an intervening change of controlling law, the availability of new evidence, or need to correct a clear error[,] or [to] prevent manifest injustice.'" *See Harvey,* 949 F.Supp. at 879 (quoting *Nat'l Trust v. Dep't of State,* 834 F.Supp. 453, 455 (D.D.C.1993)). Motions pursuant to Rule 60(b) may be granted for similar reasons. *See* FED. R. CIV. P. 60(b); *see also LaRouche,* 112 F.Supp.2d at 51–52. Reconsideration of an interlocutory decision, however, is available under the standard, "as justice requires." *See Childers,* 197 F.R.D. at 190 (citing FED. R. CIV. P. 60(b) Advisory Committee Notes).

### B. The Court Does Not Dismiss Count IV ("Violation of the Privacy Act") of the Plaintiffs' Amended Complaint Since the Plaintiffs' Claims Are Not Conclusively Time–Barred by the Applicable Statute of Limitations

The defendants ask the court to reconsider the portion of the court's decision of March 23, 2000, which denied in part the defendants' motion to dismiss. The defendants argue that the limitations period has run on the plaintiffs' claims, and the claims should be dismissed for this reason. *See* Def.'s Mot. for Recons. at 3–7. The plaintiffs argue that the defendants have not met the standard for Rule 59(e) and therefore the court should not grant the motion for reconsideration. *See* Pl.'s Resp. at 1–2. As stated earlier, however, a defendant does not have to meet the standard of Rule 59(e) in order for the court to reconsider the denial of such a motion to dismiss since the proper motion for reconsideration is pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 54(b); *Muwekma Tribe,* 133 F.Supp.2d at 48 n. 6.

 The court now turns to the merits of the defendants' argument concerning the limitations period. It is clear that a civil claim brought under the Privacy Act must be brought "within two years from the date on which the cause of action arises." *See* 5 U.S.C. § 552a(g)(5). The cause of action arises when the plaintiff knew or should have known of the alleged

violation of the Privacy Act. *See Griffin v. United States Parole Comm'n,* 192 F.3d 1081, 1082 (D.C.Cir.1999) (affirming dismissal of a Privacy Act claim for failure to file within the limitations period); *Tijerina v. Walters,* 821 F.2d 789, 798 (D.C.Cir. 1987) (reversing the district court's dismissal of a claim where the plaintiff, "in the exercise of reasonable diligence, could not have known of the government's allegedly wrongful conduct"). As discussed later in this opinion, some of the plaintiffs' Privacy Act claims have been filed within the limitations period, as in *Tijerina. See Tijerina,* 821 F.2d at 798. With respect to the plaintiffs' other Privacy Act claims, it is unclear from the face of the complaint whether the plaintiffs timely filed those claims. What is clear is that "[f]ailure to file a claim within this two-year period deprives the district court of subject-matter jurisdiction." *Id.*

█ Further, the plaintiffs must allege facts in their pleadings essential to show jurisdiction. *See FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990); *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). This rule, however, does not extend to the complaint's factual averments evincing the timely filing of claims under the applicable statute of limitations. *See Firestone,* 76 F.3d at 1209–10. To the contrary, the statute of limitations is an affirmative defense that does not need to be anticipated and rebutted by the complaint. *See* FED. R. CIV. P. 8(c); *Firestone,* 76 F.3d at 1209–10; *Jones v. Rogers Memorial Hospital,* 442 F.2d 773, 775 (D.C.Cir.1971). As such, even if the plaintiffs have not alleged illegal conduct of the defendants that the plaintiffs first knew or should have known within the limitations period, the Privacy Act claim should *not* be dismissed for lack of subject-matter jurisdiction. *See Firestone,* 76 F.3d at 1209. In further support

of this reasoning, the D.C. Circuit has remarked that:

> [t]here is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense. Although it is true that a complaint sometimes discloses such defects on its face, it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense ... We do not hold that the use of a motion to dismiss is always improper to raise a statute of limitations defense, but we do suggest that a responding party often imposes an undue burden on the trial court and impedes the orderly administration of the lawsuit when he relies on a motion to dismiss to raise such an affirmative defense.

*Richards v. Mileski,* 662 F.2d 65, 73 (D.C.Cir.1981).

### 1. The court does not dismiss plaintiff M.K.'s Privacy Act claim.

█ Turning first to plaintiff M.K.'s claim, she complains of a letter of reprimand placed in her personnel file. *See* Am. Compl.¶¶ 15, 116a. Plaintiff M.K. was a party to the original complaint filed January 13, 1999. Plaintiff M.K. clearly could not have been aware of that letter of reprimand being placed in her personnel file until it was actually placed in that file in April 1997. *See id.* Therefore, because the plaintiff asserted her claims before the end of the limitations period, the court determines that plaintiff M.K.'s cause of action is not time-barred by the limitations period, and the court will not dismiss the claim. *See Tijerina,* 821 F.2d at 798.

### 2. The court does not dismiss plaintiff Conway's Privacy Act claim.

█ Turning next to plaintiff Conway's claim, the CIA first notified plaintiff Conway of the allegedly inaccurate finding concerning her ineligibility for foreign as-

signment in March 1997. *See* Am. Compl. ¶¶ 23, 116b. Plaintiff Conway filed her original complaint on January 13, 1999. This is approximately twenty-two months after the cause of action under the Privacy Act arose (i.e., when she first knew or should have known of the finding). Thus, the court is not deprived of subject-matter jurisdiction by the limitations period, and, accordingly, the court concludes that dismissal of plaintiff Conway's claim is not in order. *See Tijerina*, 821 F.2d at 798.

### 3. The court does not dismiss plaintiff C.T.'s Privacy Act claim.

In reviewing plaintiff C.T.'s claim, plaintiff C.T. complains of a Board of Inquiry determination that she was not qualified for the position she held. *See* Am. Compl. ¶¶ 66–67, 116e. Plaintiff C.T.'s allegation that the Board of Inquiry convened after "early 1998" places her claim within two years of her entry into this action by means of the amended complaint filed April 12, 1999, as the determination could not have been made prior to the convening of the Board. *See id.* For this reason, and for the same reasons as previously stated with respect to the aforementioned plaintiffs, the court determines that plaintiff C.T.'s claim is also not barred by the limitations period. *See Tijerina*, 821 F.2d at 798.

### 4. The court does not dismiss plaintiff Mitford's Privacy Act claim.

With respect to plaintiff Mitford, he complains of receiving negative PARs and spot reports in 1997. *See* Am. Compl. ¶¶ 81, 116g. Plaintiff Mitford joined this action by means of the amended complaint filed April 12, 1999. Any cause of action that he knew or should have known about arising before April 13, 1997, must therefore be dismissed for lack of subject-matter jurisdiction. *See Griffin*, 192 F.3d at 1082. Since the complaint does not narrow the range of dates when plaintiff Mit-

ford earned or first learned of the negative reports, however, the court cannot grant dismissal of this claim. Indeed, "courts should hesitate in dismissing a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone*, 76 F.3d at 1209. The D.C. Circuit has made clear that dismissal is appropriate only if the complaint on its face is conclusively time-barred. *See id.* (citing to *Richards*, 662 F.2d at 73). Moreover, as stated before, the statute of limitations is an affirmative defense and need not be negatived by the language of the complaint. *See* FED. R. CIV. P. 8(c). The complaint herein does not state when the conditions giving rise to plaintiff Mitford's Privacy Act claim occurred. As such, it may be that those conditions arose on or after April 13, 1997, meaning that plaintiff Mitford's claim would not be time-barred. *See* 5 U.S.C. § 552a(g)(5). Therefore, the court does not grant dismissal of this claim at this time. *See Firestone*, 76 F.3d at 1209.

### 5. The court does not dismiss plaintiff R.B.'s Privacy Act claim.

Finally, plaintiff R.B. complains of inaccurate CI and polygraph information contained in his file. *See* Am. Compl. ¶ 116f. His last polygraph exam took place in February 1996, *see id.* ¶ 76, and he joined this action by means of the amended complaint filed April 12, 1999. It is plain to see that neither of these allegations fall within the two-year period required under the statute. *See Griffin*, 192 F.3d at 1082. On the other hand, the complaint advances no facts to show this court that plaintiff R.B knew or should have known of this cause of action before April 13, 1997. Thus, for the same reasons articulated with respect to plaintiff Mitford's Privacy Act claim, the court does not grant dismissal of plaintiff R.B.'s Privacy Act claim

at this time. *See Firestone*, 76 F.3d at 1209.

## C. The Court Dismisses the Plaintiffs' Due Process Claim for Failure to State a Cognizable Claim

■ Turning next to the plaintiffs' due process claim, the defendants move for reconsideration of this court's decision denying the defendants' motion to dismiss this claim. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law ..." *See* U.S. CONST. Amend. V. The Due Process Clause requires procedural due process only where a person is deprived of a protected interest in liberty or property. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Mazaleski v. Truesdell*, 562 F.2d 701, 709 (D.C.Cir.1977) (finding that "[o]nly if the court first finds that a 'liberty' or 'property' interest is affected will it go on to a balancing of interests analysis to determine what level of procedural protection is appropriate"). A due process liberty interest is implicated where the government negatively alters the employment status of a government employee, and, in so doing, stigmatizes the employee or impugns his reputation so as to either (1) seriously damage his standing and associations in his community ("reputation-plus"), or (2) foreclose his freedom to take advantage of other employment opportunities by either (a) automatically excluding him from a definite range of employment opportunities with the government or (b) broadly precluding him from continuing his chosen career ("stigma or disability"). *See O'Donnell v. Barry*, 148 F.3d 1126, 1140–42 (D.C.Cir.1998); *see also Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (holding that defamation, by itself, is not a constitutional deprivation).

■ The court is mindful that loss of security clearance and termination of employment, however, does not sufficiently damage a plaintiff's reputation without "public accusations that will damage [the plaintiff's] standing and associations in the community." *See Doe v. Cheney* 885 F.2d 898, 910 (D.C.Cir.1989); *see also Stehney v. Perry*, 101 F.3d 925, 936 (3d Cir.1996) (summarizing cases and finding "every court of appeals which has addressed the issue has ruled that a person has no constitutionally protected liberty or property interest in a security clearance or a job requiring a security clearance"). Since neither plaintiff R.B. nor C.T. alleges that the CIA has made "public accusations that will damage [the plaintiff's] standing and associations in the community," their allegations do not state a claim under the "reputation-plus" prong of *O'Donnell*. *See Doe*, 885 F.2d at 910.

■ Analyzing the plaintiffs' claims under the "stigma or disability" prong of *O'Donnell*, the court turns first to the claim of plaintiff R.B., who chose to retire after being told that he must retire or risk losing his pension. *See* Am. Compl. ¶ 77. In that sense, plaintiff R.B. has not alleged that the government negatively altered his employment status. On the contrary, his choice to retire was made in order to avoid the risk of termination. *See id.* Therefore, the threshold element established in *O'Donnell* is not met here, and, consequently, the court dismisses plaintiff R.B.'s due process claim. *See Siegert*, 500 U.S. at 233–34, 111 S.Ct. 1789 (1991) (holding that defamation after retirement does not state a claim for denial of a constitutional right).

■ With respect to plaintiff C.T., she alleges that her termination resulted from a Board of Inquiry finding that she was "not qualified for the position she held." *See* Am. Compl. ¶ 67. Plaintiff C.T. nei-

ther alleges that the CIA automatically excluded her from a definite range of employment opportunities with the government nor broadly precluded her from continuing in her chosen career. While it appears that plaintiff C.T. has been denied employment in the specific position she previously held, there is nothing to suggest that she would be unable to gain employment in another government job, or in the private sector within her career field. *See, e.g., Cafeteria & Restaurant Workers Union v. McElroy,* 367 U.S. 886, 895–96, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) (holding that revocation of permission to work on a military base does not implicate a liberty interest because the plaintiff "remained entirely free to obtain employment as a short-order cook or to get any other job"). Therefore, plaintiff C.T.'s claim also fails the "stigma or disability" test of *O'Donnell.* For these reasons, the court determines that plaintiff C.T.'s due process claim must also be dismissed. *See O'Donnell,* 148 F.3d at 1139–42.

### D. The Parties' Failure to Address Key Issues

At this juncture, the court pauses to consider what has occurred in this case, focusing particularly on the lack of diligence on the part of counsel to accurately raise the most relevant issues and arguments for the court in the defendants' original motion to dismiss and the plaintiffs' response thereto. Indeed, if the arguments addressed herein were originally raised (i.e., two years ago), it would have prevented the court from having to reconsider its March 23, 2000 Memorandum Opinion and supplemental order. Courts rely on the adversarial system to bring just and fair results in the cases before them. This court is no different. The court's reliance on the adversarial system in this case and the duty of the litigants and their respective counsel to cultivate relevant issues and key arguments, howev-

er, left the court's prior decision open to scrutiny by no one other than this court itself. As one court has remarked, the premise of an adversarial system is that courts do not sit as self-selected entities of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them. *See generally Tom v. Heckler,* 779 F.2d 1250, 1259–1260 (7th Cir.1985) (Posner, J., dissenting).

It is indeed a rarity for a court to revisit its own decision. *See Firestone,* 76 F.3d at 1208. Nevertheless, when justice so requires, the court must do so, and it has now done so in this matter. *See* FED. R. CIV. P. 54(b); *Childers,* 197 F.R.D. at 190.

### IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the defendants' motion for reconsideration. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of December 2001.