## Randy V. CARGILL, Appellant,

v.

## John O. MARSH, Jr., et al.

No. 89–5296.

United States Court of Appeals, District of Columbia Circuit.

May 18, 1990.

Randy V. Cargill, pro se.

Jay B. Stephens, U.S. Atty., Washington, D.C., R. Craig Lawrence, and Richard Reback, Asst. U.S. Attys., for appellees.

## ON MOTION FOR SUMMARY AFFIRMANCE

Before MIKVA, BUCKLEY, and D.H. GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant Randy V. Cargill sought a writ of mandamus to compel the Army to reassign him from the Judge Advocate General's Corps ("JAGC") to the Army's Corps of Engineers ("CE"). Cargill also sought an amendment of his military records under the Privacy Act, 5 U.S.C. § 552a (1982), to reflect his assignment to CE rather than JAGC.

Cargill attended law school at the Army's expense pursuant to JAG's Funded Legal Education Program. As a program participant, Cargill agreed, *inter alia*, to serve two years in JAGC for each year spent in law school. At the heart of Cargill's claims is his assertion that Army Regulations, specifically AR 351–22 ¶ 13(e),[1] permit him to refuse assignment to JAGC so long as he repays the Army for the expense of his legal education. Cargill reads this provision as a "buy-out" option and contends that since he has formally refused to be detailed to JAGC and is pre-

pared to satisfy his financial obligation to the Army, his continued assignment to JAGC is in violation of Army regulations.

Cargill presented this argument administratively via a Privacy Act request for amendment of records, claiming that his records erroneously reflected an assignment to JAGC that should be deleted to reinstate his previous assignment to CE. Upon denial of his request by the Army's Privacy Review Board, Cargill brought his Privacy Act claim to district court, along with a request for mandamus relief requiring the Secretary of the Army to fulfill his "clear duty" to reassign Cargill to CE.

■ The district court dismissed Cargill's suit, finding that his claims were not justiciable under the four-part analysis established by the Fifth Circuit in *Mindes v. Seaman*, 453 F.2d 197 (5th Cir.1971). At about the same time, this court rejected the *Mindes* test in *Kreis v. Secretary of Air Force*, 866 F.2d 1508, 1512 (D.C.Cir.1989). Under the authority of *Kreis*, however, Cargill's mandamus claim is still nonjusticiable.

The same "fundamental and highly salutary principle" that caused the court to stay its hand in *Kreis* applies in this case. "The Constitution vests '[t]he complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force' exclusively in the legislative and executive branches," not in the judicial. Id. at 1511 (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10, 93 S.Ct. 2440, 2446, 37 L.Ed.2d 407 (1973)). To grant the transfer sought here, like the promotion in *Kreis*, "would require [the court] to second-guess the Secretary's decision about how best to allocate military personnel in order to serve the security needs of the Nation." Id.

■ We affirm the district court's dismissal of Cargill's Privacy Act claim for

---

1. AR 351–22 ¶ 13(e) provides as follows:

   Officers must reimburse the Government for all tuition and other educational costs, or portion thereof, as determined by the Secretary of the Army, if they—

   (1) Refuse to accept appointment in the JAGC, Regular Army, or detail to the JAGC when tendered.
   (2) Fail to complete their active Service commitment as a result of action not initiated by the Government.

failure to exhaust his administrative remedies. The proper means by which to seek a substantive change in his military records, and to contest the Army's interpretation of its regulations, was through a proceeding before the Army Board for the Correction of Military Records under 10 U.S.C. § 1552(a) (1982). *See Bois v. Marsh*, 801 F.2d 462, 467 (D.C.Cir.1986).

An agency's denial of relief under the Privacy Act is subject to *de novo* review in federal court. 5 U.S.C. § 552a(g)(1)(A) and (2)(A). For Cargill to obtain *de novo* judicial review of his challenge to the Army's interpretation of its regulation governing tuition reimbursement simply by choosing

to seek amendment of his records under the Privacy Act, before the Army Privacy Review Board, rather than by proceeding before the Correction Board, is inconsistent with the heightened deference Congress intended the courts to accord determinations of the Correction Board in proceedings under 10 U.S.C. § 1552(a). *See Kreis*, 866 F.2d at 1513–15.