971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Dennis P. GLICK, Appellant,
v.
DEPARTMENT OF the ARMY, et al.
 No. 91-5213.
 United States Court of Appeals, District of Columbia Circuit.
 June 5, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for appointment of counsel, and the motion for summary affirmance, the response thereto and the reply, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. Appointment of counsel in a civil action is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Circuit Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted for the reasons stated in the accompanying memorandum. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 5
 This court has jurisdiction to review only the district court's order filed June 20, 1991, denying appellant's motion to reconsider. Because the motion to reconsider was not served within ten days of the district court's February 26, 1991 order dismissing appellant's complaint, the motion did not toll the time for filing an appeal of that order. See Fed.R.Civ.P. 59(e) ("A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."); Fed.R.App.P. 4(a)(4) (timely filing of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) will toll the time to appeal the judgment). This court reviews the district court's June 20, 1991 order for abuse of discretion. See Browder v. Illinois Department of Correction, 434 U.S. 257, 263 (1978).
 
 
 6
 The district court did not abuse its discretion in denying appellant's motion. First, appellant's claim under the Privacy Act, 5 U.S.C. § 552a was properly dismissed. The proper means by which to seek a change to military records is through a proceeding before the Army Board for Correction of Military Records ("Board"). See Cargill v. Marsh, 902 F.2d 1006, 1008 (D.C.Cir.1990) (per curiam). While exhaustion of administrative remedies is not required for Privacy Act suits seeking damages, appellant fails to show any causal relationship between the allegedly inaccurate records and an adverse agency determination against him based on those records. See Hubbard v. EPA, 809 F.2d 1, 4 (1986), aff'd in part, 949 F.2d 453 D.C.Cir.1992). See also 5 U.S.C. § 552a(g)(5).
 
 
 7
 Second, the district court properly dismissed appellant's Freedom of Information Act ("FOIA") claim. Appellant does not allege that any agency records have been improperly withheld, which is a jurisdictional prerequisite to suit under the FOIA. 5 U.S.C. § 552(a)(4)(B).
 
 
 8
 Finally, the district court properly dismissed appellant's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Appellant's complaint does not allege any of the necessary elements of such a claim. See Yellow Bus Lines v. Drivers, Chauffeurs & Helpers Local Union 639, 913 F.2d 948 (D.C.Cir.1990) (en banc), cert. denied, 111 S.Ct. 2839 (1991).