**Daniel J. BERNARD, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, Defendant.**

**No. CIV.A. 04–0084(RCL).**

United States District Court, District of Columbia.

March 30, 2005.

Daniel J. Bernard, Paseos De Taxquena, Pro se.

Uldric L. Fiore, Jr., U.S. Attorney's Office, Civil Division, Washington, DC, for Defendant.

### MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. The defendant moves to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that this Court lacks subject matter jurisdiction, and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. Alternatively, the defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. The defendant submitted a motion and memorandum in support of its position. The plaintiff, acting *pro se* [1], submitted a memorandum in opposition, and the defendant subsequently filed a reply. Upon consideration of the parties' filings, the applicable law, the Federal Rules of Civil Procedure, and the facts of this case, the Court finds that the defendant's motion to dismiss will be **GRANTED**.

### I. BACKGROUND

The plaintiff was an Active Guard and Reserve officer in the United States Army as a JAG attorney. (A.R.509). On September 19, 2000, the plaintiff told a supervisor he wanted to resign. *Id.* at 506. The plaintiff then departed his place of duty without permission. *Id.* On October 3, 2000, the plaintiff sought medical treatment. *Id.* The plaintiff was hospitalized for a short period for psychiatric and medical evaluation. *Id.* at 489–93. Dr. Timothy Sheehan concluded the plaintiff was not qualified to remain in the Army. *Id.* at 493. On February 5, 2001, a Medical Evaluation Board (MEB) convened and found the plaintiff was suffering from multiple mental ailments, including ailments related to schizophrenia and depression. (A.R.486). The plaintiff concurred with the MEB's findings and recommendations on February 8, 2001. *Id.* at 488. The MEB referred the plaintiff's case to a Physical Evaluation Board (PEB). *Id.* at

---

**1.** While the plaintiff is acting *pro se,* the Court is mindful that he was a JAG attorney in the Army and received his law degree in 1987. (Administrative R. Doc. (A.R.) 509).

486. The PEB found the plaintiff unfit for retention in the Army, but did not give the plaintiff a permanent disability rating. *Id.* at 478. The PEB assigned a 30% disability rating and recommended the plaintiff be placed on the Temporary Disability Retired List (TDRL) until reevaluation in March 2002. *Id.* at 478–79. The plaintiff concurred with the findings and recommendations of the PEB and waived his right to a formal hearing. *Id.* at 480.

The plaintiff's TDRL reexamination took place on or about March 25, 2002. (A.R. 471). The reviewing military personnel recommended the plaintiff is unfit for military duty, but is competent for pay purposes and able to participate in PEB proceedings. *Id.* On or about April 29, 2002, an informal PEB reviewed the plaintiff's case and related TDRL evaluation and concluded the plaintiff was unfit for service and only 10% disabled. *Id.* at 449. On or about May 31, 2002, the plaintiff did not concur with these conclusions and requested a personal appearance before the PEB. *Id.* at 467.

A formal PEB convened on July 2, 2002. *Id.* at 388. The plaintiff decided to act as his own lead counsel and used his assigned counsel for the limited purpose of receiving the results of the formal PEB. *Id.* at 390. The PEB found that the plaintiff was physically unfit and recommended a disability rating of 10%. (A.R.388). On or about July 11, 2002, the plaintiff did not concur with the PEB's findings and recommendations. *Id.* at 392. On July 23, 2002, the President of the PEB notified the plaintiff that he had reviewed his rebuttal of July 11, 2002. *Id.* at 390. The President of the PEB affirmed the PEB's decision and advised the plaintiff that his appeal was being sent to the U.S. Army Physical Disability Agency (USAPDA) for review. *Id.* at 390–91.

USAPDA affirmed the findings of the PEB on July 30, 2002. *Id.* at 387. The plaintiff's case was then sent to the Physical Disability Branch for final disposition. *Id.* The Physical Disability Branch reviewed the case and affirmed the PEB's decisions on August 6, 2002. (A.R.527).

The plaintiff seeks equitable and financial relief. Regarding equitable relief, the plaintiff requests the Court to correct his military records (Pl.'s Compl. at pp. 10–11, ¶¶ 6, 8), to compel the production of records, *id.* at pp. 9–10, ¶¶ 1,7, to direct a "Special Counsel" to initiate proceedings against various officials, *id.* at p. 11, ¶ 5, to assess attorney fees and "other litigation costs," *id.* at p. 10, ¶ 2, and to grant the plaintiff $400,000 in "actual damages" if proper relief cannot be achieved otherwise. *Id.* at p. 11, ¶ 10.

On February 5, 2003, the plaintiff originally filed suit in the United States Court of Federal Claims. On September 30, 2003, that court dismissed part of the plaintiff's complaint for lack of jurisdiction. *Bernard v. United States,* No. 03–265C (Fed.Cl. Sept.30, 2003). The court gave the plaintiff the opportunity to amend his remaining claims. The plaintiff declined to do so and appealed to the United States Court of Appeals for the Federal Circuit. On January 23, 2004, the Court of Federal Claims dismissed the plaintiff's entire first amended complaint and directed the Clerk of the Court to enter final judgment because the plaintiff failed to amend the remaining counts of his first amended complaint. *Bernard v. United States,* 59 Fed. Cl. 497 (Fed.Cl.2004). On April 9, 2004, the Court of Appeals for the Federal Circuit affirmed the decision of the Court of Federal Claims. *Bernard v. United States,* 98 Fed.Appx. 860, 2004 WL 842679 (Fed.Cir.2004), *rehearing denied* (May 5, 2004). On January 16, 2004, the plaintiff,

acting *pro se*, filed suit in the matter pending before this Court.

## II. STANDARD OF REVIEW

The defendant filed a motion to dismiss, or in the alternative, for summary judgment. First, the standard of review for a motion to dismiss for lack of subject matter jurisdiction is discussed. Second, the standard of review for a motion to dismiss for failure to state a claim upon which relief can be granted is discussed.

### A. Dismissal Under Rule 12(b)(1)

■ A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction over the action. Federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). A complaint may be dismissed for lack of subject matter jurisdiction only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C.Cir.1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court assumes the truth of the allegations made in the complaint and construes them favorably to the pleader. *Artis v. Greenspan*, 158 F.3d 1301, 1305–06 (D.C.Cir.1998). Because subject matter jurisdiction focuses on the Court's power to hear a claim, however, the Court must give the plaintiff's factual allegations closer scrutiny when reviewing a motion to dismiss for lack of subject matter jurisdiction than reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Mut. Pharm. Co., Inc. v. Pfizer*, 307 F.Supp.2d 88, 92 (D.D.C.2004) (citing *Macharia v. United States*, 334 F.3d 61, 64, 68–69 (D.C.Cir.2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001)). In determining whether the plaintiff has met this burden, the Court may look to materials beyond the pleadings. *Herbert v. Nat'l Acad. of Sciences* 974 F.2d 192, 197 (D.C.Cir.1992).

### B. Dismissal Under Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a plaintiff has properly stated a claim upon which relief can be granted. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The explicit language of Federal Rule of Civil Procedure 8(a)(2) provides that the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *See also Conley*, 355 U.S. at 47, 78 S.Ct. 99; *U.S. ex. rel. Harris v. Bernad*, 275 F.Supp.2d 1, 5 (D.D.C.2003). The complainant need not plead the elements of a *prima facie* case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a complainant in an employment discrimination case need not plead the *prima facie* elements); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as true, and to draw all reasonable inferences in favor of the nonmovant. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683; *U.S. ex. rel. Harris*, 275 F.Supp.2d at 5. Therefore "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

## III. ANALYSIS

The defendant's motion to dismiss is analyzed first. Since the Court determines the defendant's motion to dismiss will be granted, the Court does not analyze the defendant's motion for summary judgment.

## A. Motion to Dismiss

The defendant makes many arguments for dismissing the plaintiff's complaint. First, the defendant argues the plaintiff's Privacy Act claims should be dismissed. Second, the plaintiff argues that the plaintiff's Freedom of Information Act (FOIA) claims should be dismissed because he failed to exhaust his administrative remedies. Third, the defendant argues that the plaintiff's tort claims should be dismissed because he failed to exhaust his administrative remedies. Fourth, the defendant argues that the Court of Federal Claims, not this Court, has jurisdiction over his complaint. While some of these arguments alone or in conjunction with another argument would lead to the dismissal of the plaintiff's complaint, the Court analyzes each of these arguments and the plaintiff's response thereto.

### 1. Privacy Act Claims

The defendant argues that the plaintiff's Privacy Act claims should be dismissed because they are (1) time barred by the statute of limitations, (2) the plaintiff failed to exhaust his administrative remedies, and (3) the plaintiff inappropriately used the Privacy Act to challenge the substantive decisions of the Army.

### a. Statute of Limitations

 Actions to enforce rights under the Privacy Act must be brought "within two years from the date on which the cause of action arises ...." 5 U.S.C. § 552a(g)(5); *see also Blazy v. Tenet,* 979 F.Supp. 10, 22 n. 6 (D.D.C.1997) (citing *Tijerina v. Walters,* 821 F.2d 789, 798 (D.C.Cir.1987); *Diliberti v. United States,* 817 F.2d 1259, 1263–64 (7th Cir.1987) (concluding the two-year statute of limitations runs from the date the plaintiff knew or should have known of the maintenance of inaccurate records)). Failure to meet the two-year period may deprive a court of subject matter jurisdiction and thus bar the action. *See generally Blazy,* 979 F.Supp. at 22 n. 6. The defendant relies on *Griffin v. United States Parole Comm'n,* 192 F.3d 1081, 1082 (D.C.Cir.1999) to apparently argue that any claim filed after the two-year period is time barred. *Griffin,* however, was overruled by *Chung v. United States Dep't of Justice,* 333 F.3d 273, 278 n. * (D.C.Cir.2003). *Chung* determined that a rebuttable presumption in favor of equitable tolling of the statute of limitations applies to a Privacy Act claim. *Id.* at 277–78. Equitable tolling applies most commonly when a plaintiff, despite all due diligence, cannot obtain vital information bearing on the existence of his claim. *Id.* at 278 (citing *Currier v. Radio Free Europe,* 159 F.3d 1363, 1367 (D.C.Cir. 1998)). Consequently, a Privacy Act claim filed after the two-year period is not automatically time barred; equitable tolling of the statute of limitations may occur.

The defendant argues that the plaintiff's Privacy Act claims are time barred. The plaintiff first claims that he was denied access to his medical records "while in the hospital ...." (Pl.'s Compl. at pp. 2–3, ¶ 1). The defendant argues that any claim of the plaintiff under the Privacy Act would have expired in October 2002 because he knew

or should have known his records were inaccurate when he was in the hospital in October 2000. The plaintiff next claims that he was denied access to officer evaluation records and a related investigation. *Id.* at pp. 3, 8, ¶¶ 3–4, 27. The defendant argues that the date of the evaluation report in question is November 1, 2000, (A.R. 405), and that the plaintiff was officially notified of his officer evaluation on February 2, 2001. *Id.* at 407–08. The plaintiff addressed the statute of limitations issue in his reply brief as follows:

#### STATUTES OF LIMITATION

The original Complaint, that government argues is so similar, was filed in the USCOFC [United States Court of Federal Claims] within two years of my release from the hospital. The of-counsel Army attorneys in all three courts have been identical for an extended period of time. Alternatively, the statute of limitations is re-charged upon discovery of material in the Defense Exhibit that shows documents more recently requested were not yielded. All remaining events occurred within two years of the filing in this Court. Requests for information concerning Lee Stockdale's August 1, 2000 start date at the 81st RSC have hardly been affected by the statute of limitations

(Pl.'s Resp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. at 17).

▮ The plaintiff is apparently arguing that the statute of limitations for his Privacy Act claims are tolled by either his filing of his now-dismissed lawsuit at the Court of Federal Claims or that "all remaining events occurred within two years of the filing in this Court". *Id.* It is clear

from the administrative record that the plaintiff knew or should have known about his ability to request his medical records in October 2000 when he alleged he was denied them in the hospital at that time. The filing of this lawsuit on January 16, 2004 is well after the two-year statute of limitations. Next, it is clear from the administrative record that the plaintiff was notified of the officer evaluation report that he wants access to on February 2, 2001; thus, the plaintiff's request in this regard is well after the two-year statute of limitations. The plaintiff does not provide the Court with any authority supporting his proposition that filing an action in the Court of Federal Claims tolls the statute of limitations. Further, the plaintiff's curt, conclusory statement that "[a]ll remaining events occurred within two years of the filing in this Court" does not refute the administrative record. The plaintiff's request for documents under the Privacy Act will therefore be dismissed.[2]

#### b. Exhaustion of Administrative Remedies

The defendant alternatively argues that the plaintiff's Privacy Act claims should be dismissed because the plaintiff failed to exhaust his administrative remedies. Before a plaintiff can bring a civil action under the Privacy Act to amend records, he must make an amendment request to the agency in question and request an administrative review. 5 U.S.C. § 552a(d)(2)-(3); *Nagel v. HEW*, 725 F.2d 1438, 1441 (D.C.Cir.1984); *see also Haase v. Sessions*, 893 F.2d 370, 373 (D.C.Cir. 1990). The Army Privacy Program requires a plaintiff to request an amendment by first applying to the custodian of the

---

**2.** The plaintiff does not specifically present an argument for "equitable tolling" the statute of limitations. Further, no general argument for equitable tolling can be extracted from the plaintiff's somewhat ambiguous response to the defendant's statute of limitations argument.

record. (Def.Ex. 4, ¶ 2–11). If the custodian does not correct the record, the request is forwarded to the designated Access and Amendment Refusal Authority (AARA) for review. *Id.* If the AARA declines to amend the record, the requester is informed of his right to seek further review from the Department of the Army Privacy Review Board (APRB). *Id.* If the APRB denies the request, it must respond with detailed reasons for denial and further notify the requester of his right to seek judicial review. *Id.*

■ The Army Privacy Program also provides a procedure for a person denied access to records to seek further review of that denial. (Def.'s Ex. 4, ¶ 2–9c). The Director of the Army Board for Correction of Military Records (ABCMR) declared that under the ABCMR "[t]he Secretary of the Army or his designee, acting upon the recommendation of the ABCMR, can address plaintiff's request for relief." (Def.'s Ex. 5, ¶ 2). The Director further declared that "the plaintiff has not filed an application for relief with respect to any of the personnel actions or records corrections alleged in his complaint." *Id.* Moreover, the defendant presented the following statement as one not in material dispute: "Plaintiff has not filed an application for relief with the Army Board for Correction of Military Records (ABCMR) concerning any matter related to this action." (Def.'s Statement of Material Facts Which Are Not In Genuine Dispute, ¶ 33). The plaintiff's response does not address the statements of the ABCMR Director or the defendant's statement not in material dispute. The plaintiff only contends that the defendant is aware that he wishes his case be referred to the Assistant Secretary of Defense rather than the ABCMR. (Pl.'s Resp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. at 14–15). The plaintiff does not address or dispute

the defendant's contention that there are specific administrative remedies available and that he failed to exhaust them. "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 238 F.Supp.2d 174, 178 (D.D.C.2002) (citing *FDIC v. Bender,* 127 F.3d 58, 67–68 (D.C.Cir.1997)). Since the plaintiff failed to respond to the defendant's statement that he failed to seek an available administrative remedy, the Court treats the defendant's statement in this regard as conceded by the plaintiff. Consequently, even if the plaintiff's Privacy Act claims were not time barred, they would be dismissed because he failed to exhaust his administrative remedies.

### c. Challenges to Agency Decisions

■ The defendant also argues that the plaintiff's Privacy Act claims challenge the Army's judgment in the administrative proceedings, as opposed to amending factual or historical errors in the plaintiff's records. The Privacy Act allows for amendment of factual and historical errors in the records, but agency judgments are not subject to such amendment. *Kleiman v. Dep't of Energy,* 956 F.2d 335, 337–38 (D.C.Cir.1992) (citing *Rogers v. United States Dep't of Labor,* 607 F.Supp. 697, 699 (N.D.Cal.1985)). The Privacy Act does not authorize relitigation of the substance of agency decisions. *Cargill v. Marsh,* 902 F.2d 1006, 1007–08 (D.C.Cir.1990); *see also Turner v. Dep't of Army,* 447 F.Supp. 1207, 1212–13 (D.D.C.1978), *aff'd mem.* 593 F.2d 1372 (D.C.Cir.1979).

■ Portions of the plaintiff's complaint and brief do seek to challenge the Army's decisions instead of correcting fac-

tual or historical errors. The plaintiff's Privacy Act allegations in paragraphs 4, 7, 12 complaint challenge the substance of Government determinations. Paragraph four deals with correcting a record because insufficient rating time made the officer evaluation report improper. The plaintiff does not seek to correct a factual or historical error in his record, but is challenging a substantive judgment based on a theory that an improper amount of time was used to make a decision. Paragraph seven deals with challenging the procedure used to revoke the plaintiff's security clearance. The plaintiff does not seek to correct a factual or historical error here either; instead he his seeking to invalidate the decision to revoke his security clearance. Finally, paragraph twelve deals with the plaintiff's allegation that errors were made in his TDRL examination. The plaintiff does not seek to correct a factual or historical error here; he is challenging the substance of the decision made in his TDRL examination.

 The plaintiff's statements in paragraphs 1, 3, 5–6, 9, and 27 of his complaint, however, claim the Government either withheld his records, destroyed them, or shared them with persons unauthorized to view them. Taking these allegations as true at the motion to dismiss stage, *Artis,* 158 F.3d at 1305–06, they cannot be dismissed as inappropriate substantive challenges made under the guise of a Privacy Act claim. As indicated above, however, these claims will still be dismissed as they are time barred and the plaintiff failed to exhaust his administrative remedies.

### 2. FOIA Claims

The plaintiff alleged various FOIA violations. He claims some of his records were destroyed, (Pl.'s Compl. at pp. 2–4, ¶¶ 2–3, 9), some documents requested were not provided, *id.* at pp. 3–5, 8, ¶¶ 4–7, 9–10,

25–26, and some notification and timeliness requirements were violated. *Id.* at ¶¶ 28–29.

 Similar to a claim brought under the Privacy Act, a plaintiff must exhaust available administrative remedies under FOIA. *Oglesby v. United States Dep't of Army,* 920 F.2d 57, 61–62 (D.C.Cir.1990); *Spannaus v. United States Dep't of Justice,* 824 F.2d 52, 58 (D.C.Cir.1987); *Dettmann v. United States Dep't of Justice,* 802 F.2d 1472, 1476–77 (D.C.Cir.1986). The Army Privacy Program provides a procedure for a person denied access to records to seek further review of that denial. (Def.'s Ex. 4, ¶ 2–9c). The Director of the ABCMR declared that under the ABCMR "[t]he Secretary of the Army or his designee, acting upon the recommendation of the ABCMR, can address plaintiff's request for relief." (Def.'s Ex. 5, ¶ 2). The Director further declared that "the plaintiff has not filed an application for relief with respect to any of the personnel actions or records corrections alleged in his complaint." *Id.* Moreover, the defendant presented the following statement as one not in material dispute: "Plaintiff has not filed an application for relief with the Army Board for Correction of Military Records (ABCMR) concerning any matter related to this action." (Def.'s Statement of Material Facts Which Are Not In Genuine Dispute, ¶ 33). The plaintiff's response does not address the statements of the ABCMR Director or the defendant's statement not in material dispute. The plaintiff contends that the Government is aware that he wishes his case be referred to the Assistant Secretary of Defense rather than the ABCMR. (Pl.'s Resp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. at 14–15). The plaintiff also lists a series of actions he alleged took that generally can be considered as

requests for documents under FOIA. The plaintiff, however, does not address or dispute the defendant's contention that are specific administrative remedies available and that he failed to exhaust them. "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins*, 238 F.Supp.2d at 178 (citing *Bender*, 127 F.3d at 67–68). Since the plaintiff failed to respond to the defendant's statements that he failed to seek an available administrative remedy, the Court treats the defendant's statement in this regard as conceded by the plaintiff. Even if the plaintiff's ambiguous response is considered as a response to the defendant's FOIA arguments, the plaintiff presents no arguments refuting his failure to exhaust the administrative remedies available to him under the ABCMR. Consequently, the plaintiff's FOIA claims will be dismissed because he failed to exhaust his administrative remedies.

### 3. Tort Claims

The plaintiff alleged several tort claims including false imprisonment, (Pl.'s Compl. at p. 1, ¶ 1), fraudulent misrepresentation, *id.* at p. 3, ¶ 5, fraudulent revocation of security clearance, *id.* at p. 4, ¶¶ 7–8, fraudulent withholding of travel fees and benefits, *id.* at p. 8, ¶ 27, and conspiracy. *Id.* at pp. 3–4, 8, ¶¶ 6–7, 9, 27.

 The United States, as a sovereign, is immune from suit unless it consents to being sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Consent to suit is a prerequisite to subject matter jurisdiction over a claim against the United States. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United*

*States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). Congress authorized suit against the United States under the Federal Tort Claims Act (FTCA) under certain circumstances. 28 U.S.C. § 1346(b). The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The filing of an administrative claim is a jurisdictional requirement and may not be waived. *McNeil v. United States*, 508 U.S. 106, 110, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

 The defendant presented a declaration from Joseph H. Rouse stating the plaintiff never filed a claim against the Government under the FTCA. (Def.'s Ex. 6). The plaintiff responded by stating: "[t]his is not an action under the Federal Tort Claims Act." (Pl.'s Resp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. at 17). The plaintiff argues that the Administrative Procedure Act (APA) provides jurisdiction for his tort claims. *Id.* The plaintiff provides no legal support for this theory, other than requesting "monetary damages as a fall back position in the event that the government is totally uncooperative with the Court. 5 U.S.C. § 552A(g)(4)(A)." *Id.* The statute the plaintiff references allows for an award of monetary damages for specific violations concerning access and distribution of individual records. It does not provide damages for common law tort claims and can-

not be used as an alternate jurisdictional avenue to this Court that would skirt the FTCA's requirements. The plaintiff's common law tort claims stated in paragraphs 1–3, 5–9, 26–27, and 29–30 will therefore be dismissed.

### 4. Damage Awards

 The plaintiff seeks $400,000 in damages from the defendant if proper relief cannot be achieved otherwise. (Pl.'s Compl. at p. 11, ¶ 10). While it is unclear in the plaintiff's complaint whether he seeks plaintiff seeks $400,000 for his tort claims or his equitable claims; he later stated: "[t]his is not an action sounding in [t]ort . . . ." (Pl.'s Statement of Select Genuine Issues at 1). The $400,000 requested for damages will therefore be analyzed as if they were made under plaintiff's claims for equitable relief. The Court of Federal Claims exercises exclusive jurisdiction over non-tort monetary claims against the United States in excess of $10,000 and has authority to grant complete and appropriate relief to the plaintiff regarding the plaintiff's challenge to the PEB decision. 28 U.S.C. § 1491(a)(2); *see also* 28 U.S.C. § 1346(a)(2). The Court of Federal Claims' jurisdiction cannot be side-stepped by framing a monetary claim in equitable terms. *Van Drasek v. Lehman,* 762 F.2d 1065, 1071 n. 11 (D.C.Cir.1985); *Heller, Ehrman, White & MacAuliffe v. Babbitt,* 992 F.2d 360, 363 (D.C.Cir.1993). The Court of Federal Claims has jurisdiction under 28 U.S.C. § 1491(a)(1) if a complaint, in whole or in part, "in essence" seeks more than $10,000 in damages for a non-tort claim. *Megapulse Inc. v. Lewis,* 672 F.2d 959, 967–68 (D.C.Cir.1982); *Kidwell v. Dep't of the Army Bd. of Correction,* 56 F.3d 279, 284 (D.C.Cir.1995). A plaintiff does not, "in essence", seek monetary relief merely because he or she hints at some interest in a monetary reward. *Kidwell,* 56 F.3d at 284. If a plaintiff only

requests non-monetary relief that has "considerable value" independent of any future potential for monetary relief— that is, as long as the sole remedy requested is declaratory or injunctive relief that is not "negligible in comparison" with the potential monetary recovery, the complaint will not be considered as an artfully drafted effort to circumvent the jurisdiction of the Court of Federal Claims. *Id.* The plain language of the complaint does not necessarily settle the jurisdiction question. *Id.* The Court is to look to the complaint's substance, not merely its form. *Id.*

 The defendant argues that while the plaintiff does seek equitable relief in his complaint, the essence of the plaintiff's complaint concerns challenging the substantive decisions of the Army medical boards. The defendant argues that since the essence of the plaintiff's complaint is for monetary damages in excessive $10,000, the Court of Federal Claims retains jurisdiction and this Court should dismiss the action.

The plaintiff barely addresses this issue in his response. The plaintiff does vaguely address the distinction between District Court and Claims Court jurisdiction in a three-sentence paragraph. (Pl.'s Resp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. at 17). The plaintiff opens this paragraph by stating *"James v. Caldera* fairly shows that many actions that could be plead in the Court of Claims can also be plead in a District Court. *James v. Caldera,* 159 F.3d 573 (Fed.Cir. 1998)." After mentioning that the Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over district court judgments when the subject matter jurisdiction of the district courts is based on the non-tort claims, the plaintiff concluded the paragraph by stating "[t]he Court of Appeals had a copy of the Com-

plaint in this Court and a copy of *James v. Caldera.*" The plaintiff apparently was not addressing the defendant's argument that the Court of Federal Claims has jurisdiction over his complaint. The plaintiff seems to be referring to what occurred to his lawsuit at the Court of Federal Claims and the Court of Appeals for the Federal Circuit. This is further evident by the discussion in the paragraphs immediately before and after the paragraph in question. Those paragraphs generally discuss what occurred in the plaintiff's lawsuit in the Court of Federal Claims.

The plaintiff also states in his "Statement of Select Genuine Issues" that:

The $10,000 analysis does not apply. I will have to return my separation pay if I prevail in this case. Such an analysis would only encourage further misconduct on the part of the government in this case and in future disputes. This is hardly a laudable goal for the courts.

(Pl.'s Statement of Select Genuine Issues at 1). The plaintiff does not address the statutes, cases, or specific arguments the defendant made concerning whether this Court had jurisdiction over his claim because he requests $400,000 in damages if other remedies are not provided.

The plaintiff's complaint does not hint at a monetary award. It specifically requests $400,000 in damages if proper relief cannot otherwise be granted to the plaintiff. (Pl.'s Compl. at p. 11, ¶ 10). Further, the equitable relief that the plaintiff seeks is not "negligible in comparison" with his potential monetary recovery. While the plaintiff's potential equitable relief could be substantial, it certainly is negligible in comparison to a $400,000 damages award

that is $390,000 above the limit this Court has jurisdiction to hear in a claim against the United States for a non-tort remedy. 28 U.S.C. § 1491(a)(2); *see also* 28 U.S.C. § 1346(a)(2). In essence, the plaintiff seeks $400,000 as an alternative remedy. The plaintiff's complaint therefore, in part, seeks well more than $10,000 in damages. Since the Court of Federal Claims has jurisdiction over his complaint, the plaintiff's complaint will therefore be dismissed.[3]

### IV. CONCLUSION

For the foregoing reasons, the defendants' partial motion to dismiss will be **GRANTED**. A separate order shall issue this date.

---

**3.** A court that lacks jurisdiction over a matter shall, in the interest of justice, transfer that action to an appropriate court. 28 U.S.C. § 1631. Since the plaintiff has already had a lawsuit concerning this matter adjudicated by the Court of Federal Claims and reviewed on appeal by the Court of Appeals for the Federal Circuit; the interest of justice would not be to transfer this matter to the Court of Federal Claims.